PEOPLE *v.* FISHEL.

1. CRIMINAL LAW—EXAMINATION—WAIVER OF IRREGULARITIES.
   Irregularity of conducting preliminary examination of accused in his absence but in the presence of his attorney *held*, immaterial, where accused subsequently waived examination before magistrate.  ·

2. INDICTMENT AND INFORMATION—AMENDMENT—RECEIVING STOLEN GOODS.
   Amendments of information, made at the trial, charging defendant with receiving stolen slot machines "of a value of *less* than $50, to-wit, of the value of approximately $150" by substituting the word "more" for "less" and adding name of party from whom property was stolen, *held*, without error and permissible under 3 Comp. Laws 1929, § 17290.

3. CRIMINAL LAW—ARGUMENT OF PROSECUTOR—FENCE.
   Prosecuting attorney's colloquial characterization of one accused of receiving stolen property as a "fence" in his argument to the jury *held*, not prejudicial.

4. RECEIVING STOLEN GOODS—EVIDENCE OF VALUE OF SLOT MACHINES.
   At trial of one charged with receiving stolen slot machines, testimony of one from whom they were stolen and another witness as to their value at time they were stolen *held*, competent as to value although machines were damaged before defendant received them.

5. SAME—INSTRUCTIONS AS TO VALUE.
   At trial of one charged with receiving stolen slot machines, instructions to jury as to value *held*, not misleading as fixing value as of time of theft and not when received by defendant.

Appeal from Barry; McPeek (Russell R.), J. Submitted December 22, 1934. (Docket No. 138, Calendar No. 37,711.) Decided January 7, 1935.

William Fishel was convicted of buying and receiving stolen property. Affirmed.

*Harry Pell* (*Kim Sigler*, of counsel), for appellant.

*Patrick H. O'Brien,* Attorney General, and *L. E. Barnett,* Prosecuting Attorney, for the people.

WIEST, J. Upon trial by jury defendant was convicted of the crime of receiving stolen property and prosecutes review by appeal.

Three slot vending machines were stolen in Grand Rapids, in the night-time, brought to the cottage of defendant at Gun Lake in Barry county, early the next morning, purchased by defendant from the thieves and later disposed of by him in Chicago. After his arrest an examination was held in his absence, with his attorney present, and later the prosecuting attorney, recognizing the irregularity of such an examination, had defendant brought before the magistrate and there he waived examination and was bound over for trial.

An examination was not necessary when defendant waived that right and the irregularity preceding the waiver was of no moment.

The information, filed in the circuit court, charged the defendant with receiving "certain stolen property, to-wit, three slot machines, knowing the same to have been stolen, of a value of *less* than $50, to-wit, of the value of approximately $150." At the trial the word "less" was, by amendment, changed to the word "more." There was no error in permitting the amendment. Refusal would have been obtuse. An amendment was also permitted to state the name of the owner from whom the machines had been stolen. The amendment was within the purpose of the statute. 3 Comp. Laws 1929, § 17290.

In his argument to the jury the prosecuting attorney, it is claimed, characterized defendant as a

"fence." The appellation was not mere vituperation but a colloquial characterization of a receiver of stolen property.

As was said in *People* v. *Boneau*, 327 Ill. 194, 206 (158 N. E. 431):

"In his closing argument to the jury the State's attorney referred to the defendant as a 'fence for thieves,' and told the jury that a 'fence' was a place where robbers and thieves disposed of their loot. The word 'fence' is a colloquial expression used to designate a person who receives stolen goods from the persons who steal them. It was a fair inference from the evidence that defendant was a 'fence' or a receiver of stolen property knowing the same to have been stolen, and the State's attorney did not exceed the limits of proper argument in so denouncing the defendant, and the latter has no just complaint that he was prejudiced thereby."

The machines were broken open by the thieves and otherwise damaged before delivery to defendant. Upon the question of value the court instructed the jury to consider the condition of the machines and their value at the time of their delivery to defendant.

The owner and another witness had had some experience in purchasing such machines and testified to their value at the time they were stolen. This testimony was not wholly incompetent. Its probative value was for the jury, along with evidence of the damaged condition of the machines. Defendant testified that he paid $36 for the three machines and later traded them in Chicago for better equipment under an allowance of $45 for them, and their market value was from $20 to $22 each. Later, however, he testified that the allowance he got in Chicago represented the fair value of the machines. The jury found the value of the property to be over $50.

After being absent for a time the jury returned into court and the foreman asked:

"About the,—how to fix the value,—the cash value, or the value for resale, or,—that is, for a party that was to use them for his own use?"

The court again instructed the jury:

"Defining the word value, the value of goods is the market value; not what they are worth to the owner; and amplifying that somewhat, I instruct you that the value of stolen property, and of course the property in this case is alleged to have been stolen,—the value is fixed by rates prevailing at the time and place where the theft was committed. In other words, applying that to this case, the value of these machines would be their market value at the point where they were delivered to the respondent, and that question, namely, the determination of value, would be solved by you in reliance upon the testimony that has been presented in the case, and applying your judgment to that testimony, and thus arriving at your conclusion upon that point."

The foreman then asked if that would be upon all the testimony that was given as to value and the court replied:

"Yes, everything that is admitted in the case upon value. In other words, you are to give such weight as you think should be given to the testimony that has been presented here upon that value. * * *
"Upon that point,—and you apply your judgment to that testimony; and as the measure of the term value, I instruct you that it is the market value of the goods. Is that clear?"

We do not think this instruction open to the criticism that the jury may have been misled thereby to have fixed the value of the slot machines as of the

time of the theft and not at the time they were received by defendant.

We find no reversible error.

The conviction is affirmed.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.