166 So.2d 883

**Joe MATTHEWS**

**v.**

**STATE.**

**1 Div. 913.**

Court of Appeals of Alabama.

Aug. 18, 1964.

Kilborn, Darby & Kilborn, Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and John G. Bookout, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

The appellant, Joe Matthews, stands convicted in the Circuit Court of Mobile County, Alabama, of buying, receiving or concealing seventy-six dozen cotton towels of the aggregate value of $170.00, the personal property of C. J. Gayfer and Company, a corporation. His punishment was fixed by the court at five years in the penitentiary.

The facts introduced at the trial below disclose that the appellant was arrested at one of his business establishments where four Mobile Police Officers had gone to investigate an allegedly stolen water heater. With permission of the appellant's employees, the officers looked through the store and discovered a water heater answering the description of the stolen one in a yard adjoining the appellant's business. Upon defendant's return to his place of business, he was told that he was under arrest and was taken into custody by the arresting officers.

As presented by a motion to suppress the evidence and testimony adduced at the trial of this cause, the events that occurred immediately subsequent to the arrest of the appellant are in much conflict. Detective Ralph Jordan of the Mobile Police Depart-

ment testified that upon arresting the defendant, he "asked Joe if we could look around and he took me over to his house and opened the door himself, freely and voluntarily". This house was a rooming house owned and resided in by appellant and located across the street from the store.

At the hearing on the motion to suppress the evidence, much testimony was elicited as to whether the appellant voluntarily consented to open the rooming house without any duress or coercion applied by the officers. The defendant testified that the officers forced him to let them in. He said, "He was the law and I thought I was doing right. If he tell me to do something to go do it."

If the search of appellant's rooming house were illegal, the case of towels discovered as a result of the search would have been inadmissible at the trial of the cause. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.

Under the appellant's contention that the search of the rooming house was illegal, the following Federal cases have been closely considered: Judd v. United States, 89 U.S.App.D.C. 64, 190 F.2d 649; Cohen v. Norris, (C.C.A., 9th) 300 F.2d 24; Chapman v. United States, 365 U.S. 610, 81 S.Ct. 776, 5 L.Ed.2d 828; Weaver v. United States, (C.C.A., 5th) 295 F.2d 360; Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436; Higgins v. United States, 209 F.2d 819; United States v. Gregory, D.C., 204 F.Supp. 884.

■ We feel, however, that the trial judge had the better opportunity to determine the circumstances surrounding the search of the defendant's rooming house by hearing and observing the demeanor of the witnesses at the hearing on the motion to suppress the evidence. His determination that the appellant freely, without coercion or duress, consented to the search of the rooming house will not here be overturned. The fruit of a search performed with the consent of the defendant is admissible in the trial of the cause and the motion to suppress the evidence was, therefore, properly overruled. Mead v. State, 42 Ala.App. 338, 164 So.2d 505; Frye v. United States, 9 Cir., 315 F.2d 491.

■ Appellant's motion to quash the indictment based on the appellant's being detained in jail from 6:30 P.M. on June 4, 1960, until 10:40 A.M. on June 5, 1960, on a charge of "investigation" was properly overruled. The alleged improper detention of the prisoner was not shown to have caused him to have been prejudiced.

■ Appellant's attorney strongly argues that the corpus delicti was not sufficiently established in that the State's evidence failed to prove that the goods found in the appellant's possession were stolen from the alleged owner. The State introduced extensive testimony to the effect that the towels had been received by C. J. Gayfer and Company in the normal course of business, stored in their warehouse and no record of sale had been made. All the employees of Gayfer's who had occasion to come in contact with the goods testified that they had been received by Gayfer's, stored in the warehouse and had never been brought to the main store for sale nor had any of the employees who testified sold them from the store or the warehouse.

■ In a prosecution under an indictment for buying, receiving or concealing stolen goods, proof of the corpus delicti does not require direct proof but may be established by circumstantial evidence. Coates v. State, 36 Ala.App. 371, 56 So.2d 383; Rowe v. State, 243 Ala. 618, 11 So.2d 749; Moss v. State, 32 Ala.App. 250, 25 So.2d 700; Johnson v. State, 41 Ala.App. 351, 132 So.2d 485.

■ Appellant's Attorney further contends that a referral to a defendant in argument by a solicitor as a "fence" is im-

proper argument and, if not excluded from the consideration of the jury by the court on timely motion, it is error. We disagree with this contention.

In People v. Fishel, 270 Mich. 82, 258 N.W. 217, the court held the following:

"In his argument to the jury the prosecuting attorney, it is claimed, characterized defendant as a 'fence.' The appellation was not mere vituperation, but a colloquial characterization of a receiver of stolen property."

"As was said in People v. Boneau, 327 Ill. 194, 158 N.E. 431, 436: 'In his closing argument to the jury the state's attorney referred to the defendant as a 'fence for theives,' and told the jury that a 'fence' was a place where robbers and theives disposed of their loot. The word 'fence' is a colloquial expression used to designate a person who receives stolen goods from the persons who steal them. It was a fair inference from the evidence that defendant was a 'fence' or a receiver of stolen property knowing the same to have been stolen, and the state's attorney did not exceed the limits of proper argument in so denouncing the defendant, and the latter has no just complaint that he was prejudiced thereby.' "

On the basis of the above cases, we feel that a reference to the defendant as a "fence" by the solicitor falls in the scope of proper argument as being a reasonable inference from the evidence as presented.

Refused Charges 1, 2, 3, and 4 were the affirmative charges and were properly refused by the trial judge. Refused Charges 28 and 41 were refused without error as they were adequately covered by other requested written charges that were given and the court's oral charge.

We find no reversible error in this cause and the same is due to be and is hereby

Affirmed.