PEOPLE v OTLER

1. CRIMINAL LAW—INDIGENTS—ASSISTANCE OF COUNSEL—CHANGE OF COUNSEL—DISCRETION.

A trial judge did not abuse his discretion in denying a defendant's motion to appoint a different attorney for him where there was no record of dissatisfaction by defendant with his counsel until the day of trial when defendant requested new counsel simply because he claimed that he didn't trust and have full confidence in his counsel and where he made no allegations of incompetence or lack of diligent preparation.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—VALUE OF PROPERTY—FAIR MARKET VALUE—EXPERT TESTIMONY.

A statement in an instruction to the jury with respect to determining market value of stolen property that "fair market value is the highest price, estimated in terms of money, for which the property would have been sold in the open market" reflects nothing more than the common expectation that one who is desirous of selling property will, in fact, consummate a transaction with the highest bidder; such is the reality of the market place, and the instruction does not depart from the existing law and was not erroneous.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—PREJUDICE—FELONY—VALUE OF PROPERTY.

No instructional prejudice was demonstrated on the record, even if an instruction on the valuation of property to establish a felony were erroneous, where two qualified expert witnesses for the people estimated the value of the property stolen as substantially more than $100 and defendant's own appraiser on cross-examination clearly indicated that he would be prepared to pay the sum of $105 for the property.

Appeal from Genesee, Philip C. Elliott, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 319, 321.
[2] 53 Am Jur, Trial § 844.
[3] 53 Am Jur, Trial § 776.

mitted Division 2 December 6, 1973, at Lansing. (Docket No. 15818.) Decided January 16, 1974.

Ronald Otler was convicted of receiving and concealing stolen property with a value in excess of $100. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *George Steeh,* Assistant Prosecuting Attorney, for the people.

*John P. Siler,* for defendant on appeal.

Before: DANHOF, P. J., and BRONSON and O'HARA,* JJ.

O'HARA, J. The defendant was found guilty by a jury of receiving and concealing stolen property with a value in excess of $100. MCLA 750.535; MSA 28.803.[1] This appeal followed.

On appeal defendant first argues that the trial judge committed reversible error by failing to make a sufficient inquiry in regard to defendant's generalized statement of dissatisfaction with appointed counsel on the day of trial.

It appears that defendant and a companion were arrested on February 17, 1972, after police officers received a call to check on two suspicious men who had been seen carrying a television set and what was thought to be a typewriter. On seeing the police cruiser the defendant and his companion fled but were soon apprehended by the police. The officers retrieved the merchandise (a television and

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] Defendant's conviction was under the statute prior to its recent amendment.

tape recorder) which the defendant and his cohort had discarded in their understandable haste to leave the scene. Further investigation led the officers to check on a particular house in the neighborhood. Upon a search of the premises it quickly became evident that the house had been broken into and that only exposed wires remained where a television had once been hooked up. When the owners returned home they identified the items recovered by the police as those which were taken from their residence.

Once defendant established his inability to retain counsel, an attorney was appointed at public expense. Original counsel was subsequently permitted to withdraw from the case because as an assistant prosecutor she had been involved with a charge against defendant's father. Evidently her discussions with defendant raised serious doubts as to whether there would be sufficient trust between herself and the defendant so that she could receive the cooperation necessary to tender the best possible defense to the crime charged.

The defendant's trial counsel was appointed to represent him in further proceedings. At the preliminary examination trial counsel *inter alia* challenged the sufficiency of the evidence to bind defendant over to circuit court on the offense charged. The motion was denied. Prior to trial defense counsel made two other motions. A motion to quash the information because of an alleged insufficiency of proof as to the value of the stolen property was denied. A motion to hire an appraiser at public expense to determine the value of the chattels was granted.

There was no record dissatisfaction by defendant with counsel until the day of the trial. On that day defendant requested the court to appoint a differ-

ent attorney simply because: "I just don't trust him. I don't have full confidence in my attorney." The motion was denied by the trial judge.

Defendant was afforded appointed counsel as constitutionally and statutorily mandated. There are no allegations of incompetence or lack of diligent preparation which would abridge defendant's right to the assistance of counsel. If defendant had any legitimate reason for desiring appointment of different counsel, he had more than adequate opportunity to make his grounds known earlier. On this record, we hold that the trial judge made a sufficiently detailed inquiry in response to defendant's extremely late and generalized objections to the attorney who was appointed to represent him in the pending trial. There was no abuse of discretion.

The next objection is that when the trial judge charged the jury with respect to determining market value of the stolen property he erroneously created the impression that fair market value was the highest estimate of value supported by expert testimony.[2]

In his charge to the jury the trial judge stated in pertinent part as follows:

"When the value of property alleged to have been received must be determined the reasonable and fair market value at the time and in the locality of the theft shall be the test. *Fair market value is the highest price, estimated in terms of money, for which the property*

---

[2] 4 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 2269 *et seq.,* states that the charge of receiving stolen property entails establishing:

1. that the property was stolen;
2. the value of the property;
3. that defendant received or concealed such property;
4. the identity of the property is the same as that stolen;
5. that defendant had actual or constructive knowledge the property received or concealed was stolen.

*would have been sold in the open market* at that time
and in that locality, if the owner was desirous of selling,
but under no urgent necessity of doing so, if the seller
had a reasonable time within which to find a purchaser,
and if the buyer had knowledge of the character of the
property and of the uses to which it might be put."
(Emphasis supplied.)

We think that the above-quoted statement does
not depart from the existing Michigan law as
exemplified in cases such as *People v Gilbert,* 163
Mich 511; 128 NW 756 (1910); and *People v Fishel,*
270 Mich 82; 258 NW 217 (1935), but merely seeks
to clarify and adequately define a term which was
hitherto given only the most skeletal meaning.
Presumptively the statement that "[f]air market
value is the highest price" which the goods would
bring in the open market reflects nothing more
than the common expectation that one who is
desirous of selling property will, in fact, consum-
mate a transaction with the highest bidder. Such
is the reality of the market place.

In addition, instructional prejudice is not demon-
strated on the record presented. Two duly qualified
expert witnesses for the people both estimated the
combined value of the chattels as substantially
more than $100. Defendant's own appraiser stated
that because of a minor defect and resultant need
for repair of the tape recorder the overall value
could be reduced to slightly less than $100. How-
ever, he clearly indicated on cross-examination
that he would be prepared to pay the sum of $105
for the two items. This testimony unequivocally
indicates that the stolen goods had a value in the
open market of over $100, the amount which
makes the crime a felony. Thus defendant could
not possibly have been prejudiced by the trial
court's charge on how market value of the chattels

should be determined even if it had been erroneous.

The final claim of error pertains to the failure of the trial judge to specifically instruct the jury to consider the condition of the property when determining its value.

This instruction was not requested by defendant. No objection was recorded at trial concerning failure to instruct on defects in the stolen items. No manifest injustice has been demonstrated. The issue has not been preserved on appeal.

For the reasons stated herein we affirm the verdict of the jury.

All concurred.