Appellant was indicted by the Jefferson County Grand Jury for receiving six stolen Sonar transceivers (walkie-talkies) of the aggregate value of $3,000.00, in violation of § 13A-8-17, Code of Alabama 1975. Appellant was arraigned on October 6, 1980, when he entered a plea of not guilty. Appellant was tried before a jury and found guilty on October 23, 1981. The trial court sentenced appellant to a term of twenty years in the state penitentiary. On October 27, 1981, appellant filed a motion for a new trial which was denied on October 30, 1981.
The facts introduced at the trial below disclose that, some time between Friday, April 14, 1980, and Monday, April 17, 1980, a mobile trailer office belonging to Blount Brothers Corporation at a construction site in Jefferson County was burglarized and ten Sonar brand walkie-talkies and one Sonar brand battery charger, which was used for recharging the walkie-talkies, were stolen. The facts show that, on the evening of April 15, 1980, appellant was arrested at the home of Mr. Charles Hollis. At the time of his arrest, appellant was discovered sitting at a table in the basement of the Hollis home. Located on the table were six Sonar brand walkie-talkies and two Bearcat police scanners. The walkie-talkies found on the table originally had manufacturers serial number plates, but they had been removed. However, before the walkie-talkies had been taken from Blount, the backs of the walkie-talkies had been removed and their respective serial numbers had been written inside each radio. By matching serial numbers kept in records of Blount Brothers Corporation and the serial numbers found on the walkie-talkies, the six walkie-talkies were identified as being six of the ten radios that had been taken from the Blount Brothers construction site.
After appellant's arrest, he was taken to the Fairfield sheriff's Office for interrogation. While appellant was in custody, police officers determined that a search of appellant's residence was needed. After appellant signed a form consenting to the search, officers went to appellant's residence to carry out their search. Found in a washroom closet at appellant's house were four walkie-talkies, two holsters for walkie-talkies and three walkie-talkie battery chargers, one of which was of the Sonar brand. No serial numbers or identifying marks were found on the Sonar brand battery charger, but it was identified as being the same model that had been taken in the burglary.
No evidence was offered on behalf of appellant at trial.
Before the trial of this cause, a hearing was held on appellant's motion to suppress the evidence that was obtained at appellant's residence. Testimony was elicited as to whether appellant voluntarily consented to the search of his residence without any duress or coercion applied by the officers. Appellant testified that, after his arrest on April 15, 1980, he was taken into custody and was either interrogated, was waiting to be interrogated, or was in a police lineup until approximately 7:00 a.m. the next morning on April 16, 1980. Appellant stated that he signed the consent form at 5:41 a.m. on April 16, 1980, after the Sheriff's officers told him that, if he did not sign, a search warrant would be obtained. He also stated that he signed the consent form after the officers had agreed to wait until 9:00 a.m. to let his wife, who was under psychiatric care, "get up and situated." Appellant testified that he had been in continuous custody of Sheriff's officers throughout the night.
Sergeant Lynn Moore testified that he was the sheriff's officer who asked appellant for permission to search his residence. Before appellant signed the consent form to allow the search of his residence, Sergeant Moore stated, the appellant was advised of *Page 1357 
his constitutional rights. He also stated that he never told appellant that, if he did not give his consent to the search, he would obtain a search warrant and search his residence anyway. At the close of the evidence, the trial court overruled appellant's motion to suppress and the trial followed.
Appellant first contends that the trial court erred in overruling his motion to suppress the evidence recovered from his residence since his consent to the search was not freely given. If the search of appellant's residence was illegal, the Sonar battery charger, the walkie-talkies and the walkie-talkie holsters all found at appellant's residence would have been inadmissible at the trial below. Mapp v. Ohio, 367 U.S. 643,81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). In Matthews v. State,42 Ala. App. 406, 166 So.2d 883 (1964), a case in which the trial judge determined that a defendant freely, without coercion or duress, consented to a search of a rooming house, this court held that such a determination would not be overturned on appeal where the trial judge had a better opportunity to determine the circumstances surrounding the search and had the opportunity to hear the testimony and observe the demeanor of the witnesses.
Appellant further contends the trial court erred in denying his motion for a new trial since there was insufficient evidence to support his conviction. After viewing the evidence in a light most favorable to the State, we find that there was sufficient evidence to support his conviction of receiving stolen property in the first degree.
To establish the offense of buying, receiving, or concealing stolen property, the State must prove the following:
(1) The property must have been stolen;
 (2) The accused must have bought, received, concealed or aided in concealing the property with the knowledge that it was stolen; and
 (3) The accused must have had no intention of returning the property to the owner. Ala. Code § 13A-8-16 (1975); Franklin v. State, 378 So.2d 267 (Ala.Cr.App. 1979).
Clearly, the first element was established when it was shown that the serial numbers on the walkie-talkies that were found on the table in appellant's presence matched the numbers of the walkie-talkies that had been taken from the Blount Brothers office.
The remaining two elements may be established by a showing that the accused recently possessed the stolen goods. Ingram v.State, 356 So.2d 761 (Ala.Cr.App. 1978); Franklin v. State, supra. The jury may also infer the requisite scienter from the facts and circumstances surrounding the whole transaction. Huntv. State, 331 So.2d 834 (Ala.Cr.App. 1976).
In support of his argument on appeal, appellant relies onLollar v. State, 398 So.2d 400 (Ala.Cr.App. 1978), which held that the mere presence of a person at the time and place of a crime is not sufficient to justify his conviction for the commission of the crime. Appellant argues that the State failed to prove that he was in either actual or constructive possession of the stolen walkie-talkies, and, hence, cannot prove the requisite scienter required under our law.
There are three essential elements necessary for the proof of possession of contraband. Those elements are: ". . . (1) actual or potential physical control (2) intention to exercise dominion and (3) external manifestation of intent and control . . ." Cook v. State, 341 So.2d 183 (Ala.Cr.App. 1977), citingDeGruy v. State, 56 Ala. App. 521, 323 So.2d 406 (1975).
In Jones v. State, 432 So.2d 5 (Ala.Cr.App. 1983), a drug possession case where the State relied on constructive possession, this court held that in order to prove possession the State must prove beyond a reasonable doubt that the accused knew of the presence of the prohibited substance. In affirming that case, this court, citing German v. State, 429 So.2d 1138
(Ala.Cr.App. 1982), held:
 "Proximity to illegal drugs, presence on the property where they are located, or mere association with persons who do control the drugs may be sufficient to support a finding of possession when accompanied *Page 1358 
with testimony connecting the accused with the incriminating surrounding circumstances. United States v. Ratcliffe, 550 F.2d 431, 434 (9th Cir. 1976). `(T)he voluntary presence of the accused in an area obviously devoted to preparation of drugs for distribution is a circumstance potently indicative of his involvement in the operation.' [U.S. v.] Staten, 581 F.2d [878] at 885, n. 67, citing United States v. Davis, 183 U.S.App.D.C. 162, 562 F.2d 681 (1977)."
Hence, the jury could reasonably infer the appellant's involvement and participation in criminal activity from his presence at the scene. The defendant's proximity to the stolen items found in the basement of the Hollis residence; his fingerprints found on the Bearcat scanner found next to the stolen items; the fact that he had been observed in a car with others earlier that evening who were also found in the room where the stolen items were found; the fact that a Sonar battery charger identical to one that had been stolen from Blount Brothers was found in his house concealed in a washroom closet; the fact that the owner of the house where the contraband was found denied ownership or knowledge that the walkie-talkies were in the house; and the fact that the six stolen walkie-talkies whose serial number plates had been removed were in plain view constitute sufficient evidence to make it a jury question.
Circumstantial evidence sufficient to support a jury finding of guilt may be found in the accumulation of several relatively insignificant pieces of evidence; or it may be presented in the form of a highly significant or incriminating event. Jones v.State, supra. Courts and juries must use common sense, common reason, and common observation as well as a common knowledge of the usual acts of men and women under given circumstances in considering the weight to be given evidence. Thompson v. State,21 Ala. App. 498, 459, 109 So. 557 (1926).
In Collier v. State, 413 So.2d 396, 402 (Ala.Cr.App. 1981), another drug possession case, this court held that, when the presence of the accused at the scene is established and evidence of his knowledge of the presence of the prohibited substance is shown (even by circumstantial evidence), along with any other incriminating evidence, the issue of defendant's guilt should be submitted to the jury.
The standard in reviewing the sufficiency of the evidence is not whether in our opinion the evidence and all reasonable inferences therefrom failed to exclude every hypothesis other than guilt, but rather whether there was evidence from which the jury might reasonably so conclude. Cumbo v. State,368 So.2d 871, 874 (Ala.Cr.App. 1978).
We have carefully searched the record for errors injuriously affecting the substantial rights of the appellant and have found none. The judgment of conviction is affirmed.
AFFIRMED.
DeCARLO, P.J., and TYSON and BOWEN, JJ., concur.