PEOPLE v MORGAN

Docket No. 79882. Submitted May 13, 1985, at Lansing.—Decided July 16, 1985.

Mark A. Morgan was convicted of assault with intent to commit murder and felony firearm following a jury trial in Genesee Circuit Court, Judith Anne Fullerton, J. Defendant appealed, arguing that reversal is mandated by reason of the refusal of the trial court to grant defendant's request for substitution of trial counsel and by reason of the use of a jury panel originally assigned to a district court. *Held:*

1. The trial court did not abuse its discretion by refusing to grant the request for substitution of counsel, since there was no showing of a breakdown in the attorney-client relationship and defense counsel indicated that he was prepared to take the case to trial.

2. It was not error for the trial court to use a jury panel from the district court when, due to various challenges, there remained no more members of the jury panel assigned to the circuit court from which to complete the choosing of a jury, since the jurors on the district court panel were electors in the County of Genesee and were thus qualified as circuit court jurors. The fact that all the members of the district court jury panel resided in the portion of the county outside the City of Flint did not disqualify them from being used on the circuit court jury.

Affirmed.

1. ATTORNEY AND CLIENT — CRIMINAL LAW — SUBSTITUTION OF COUNSEL.

A request for substitution of appointed counsel is properly denied where the defendant has not shown a breakdown in the attorney-client relationship and has not asserted that his attorney is

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Attorneys at Law § 178.

Indigent accused's right to choose particular counsel appointed to assist him. 66 ALR3d 996.

[2] Am Jur 2d, Jury § 136 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Jury and Jury Trial § 2.

inadequate, lacking in diligence, or disinterested in his case and where defense counsel has indicated that he is prepared to take the case to trial.

2. JURY — TRIAL — JURY PANELS.

Jury panels drawn from any court in the county may be used in any court of record, if the jurors on that panel are otherwise eligible to serve as jurors in the particular court needing jurors; accordingly, a circuit court may use jurors from any jury panel for any district court in the county, since the jurors on such district court panels are qualified to be jurors on a circuit court panel (MCL 600.1307a, 600.1324[2]; MSA 27A.1307[1], 27A.1324[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Miner, Spuhler & Miner, P.C.* (by *Earl R. Spuhler),* for defendant on appeal.

Before: T. M. BURNS, P.J., and ALLEN and M. J. TALBOT,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of assault with intent to commit murder, MCL 750.83; MSA 28.278, and felony firearm, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to a prison term of from 7-1/2 to 15 years on the assault conviction and the mandatory consecutive two-year term on the felony-firearm conviction. Defendant now appeals as of right.

We first consider whether the trial court abused its discretion in not granting the defendant's request for substitution of counsel. On the first day of trial, the defendant's attorney brought a motion to withdraw as defendant's trial counsel. Defense counsel explained that the motion was brought at

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

defendant's request because the defendant had lost faith in him. Defense counsel emphasized that defendant could receive a life sentence and that substituting a new attorney would not cause an excessive delay since the trial began only 32 days after the arraignment. The trial court did not ask defendant any questions regarding his relationship with defense counsel. The court, however, asked defense counsel if he was prepared for trial and if he was committed to represent the defendant to the best of his ability. Defense counsel responded in the affirmative to both questions, and the trial court denied the motion to withdraw. In *People v Meyers (On Remand)*, 124 Mich App 148, 165; 335 NW2d 189 (1983), this Court stated:

"Although an indigent defendant is constitutionally guaranteed the right to counsel, he is not entitled to have the attorney of his choice appointed simply by requesting that the attorney originally appointed be replaced. *People v Krist*, 93 Mich App 425, 435; 287 NW2d 251 (1979). He is only entitled to a substitution of counsel upon a showing of good cause, provided that the substitution of counsel will not unreasonably disrupt the judicial process. Furthermore, the decision regarding such substitution is within the sound discretion of the trial court and will not be upset on appeal absent a showing of abuse of that discretion. *Krist, supra.*"

In *Meyers*, the Court found that the motion to substitute counsel was properly denied, since the defendant did not show a breakdown in the attorney-client relationship and did not assert that his attorney was inadequate, lacking in diligence, or disinterested in his case. In *Meyers*, the defense counsel indicated that he had attempted to communicate with the defendant and that he was ready and willing to cooperate with him, and that he was prepared to take the case to trial. 124 Mich

App 148. In the instant case, defendant made no showing of a breakdown in the attorney-client relationship. Defense counsel also indicated that he was prepared to take the case to trial. There was no indication of any problems between the defendant and defense counsel during the trial. While the trial court should have tried to elicit information from the defendant concerning any problems with the attorney-client relationship, the court succeeded in questioning the defense counsel regarding his preparedness and ability to work on the case. The trial court's inquiry was adequate to insure that defendant would be competently represented at trial. The court properly denied defendant's motion.

We next consider whether the trial court committed reversible error by denying the defendant's motion for a mistrial when the jury panel had been exhausted and new jurors were empanelled from a district court. Due to various challenges to jurors, the jury panel was exhausted before a complete jury was chosen. The trial court recessed to discuss the matter with the jury board. There were no other jurors available in the courthouse because they were all in other trials. The trial court then attempted to obtain jurors from the 68th District Court which is located in the City of Flint. The crime for which defendant was charged was committed within the City of Flint, and defendant was tried in the Genesee County Circuit Court, also within the City of Flint. The trial court was unable to obtain any jurors from the 68th District Court. The court was then able to obtain ten jurors from the 67th District Court. The 67th District encompasses the area around the City of Flint, but not within Flint. Defense counsel objected to these ten new jurors because they all resided outside the City of Flint. Defense counsel

also brought a motion for a mistrial. The court denied the defendant's motion and the jury selection was completed.

Chapter 13 of the Revised Judicature Act, MCL 600.1301, *et seq.;* MSA 27A.1301, *et seq.,* establishes a system for selecting jury lists, jury panels, and jurors. Section 1324(2) of the act, MCL 600.1324(2); MSA 27A.1324(2), provides that jury panels or parts of jury panels drawn from any court in the county may be used in any court of record, if jurors on the panel or part of the panel are "otherwise eligible to serve as jurors in this particular court". Section 1307a, MCL 600.1307a; MSA 27A.1307(1), lists the qualifications for jurors. That section states that, to qualify as a juror, a person shall be an elector in the county for which the person is selected. The trial court brought in jurors from the 67th Judicial District, which is within Genesee County. Pursuant to § 1307a, these prospective jurors were qualified to serve in the Genesee County Circuit Court. The trial court did not violate any of the rules governing jury selection. Even if defendant had shown a violation of these rules, defendant has failed to show any prejudice as required by MCL 600.1354; MSA 27A.1354.

Affirmed.