PEOPLE v TUCKER

PEOPLE v MUSICK

PEOPLE v BECKOM

Docket Nos. 98107, 99371, 99764. Submitted April 8, 1988, at Detroit.
Decided November 21, 1989. Leave to appeal applied for in
Musick.

Following a joint trial before Robert C. Anderson, J., in Oakland
Circuit Court, Thomas Lee Tucker, Patrick Musick, and Donald
Gary Beckom were convicted of breaking and entering an
occupied dwelling with intent to commit larceny. Tucker was
convicted on one count, Musick and Beckom were each con-
victed on two counts. In addition, Musick was subsequently
convicted by a different jury of being a fourth-felony offender.
Musick was sentenced on the habitual offender conviction to
twenty to fifty years in prison. Tucker and Beckom were each
sentenced to eight to fifteen years. Defendants filed separate
appeals, which have been consolidated.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in denying
defendants' motions for severance of their trials. Each defen-
dant essentially argued that the evidence linking him to the
crimes was unconvincing without attempting to incriminate his
codefendants. This type of defense is not antagonistic because it
is not dependent on an assertion that a codefendant did commit
the crimes. Since this is the only issue applicable to defendants
Tucker and Beckom, their convictions are affirmed.

2. No manifest injustice as to defendant Musick resulted
from the prosecutor's references to statements made in Beck-
om's confession during the rebuttal part of closing arguments.
The prosecutor was addressing a central matter in dispute, the

REFERENCES

Am Jur 2d, Criminal Law § 982; Habitual Criminals and Subse-
quent Offenders §§ 7, 10, 14; Searches and Seizures §§ 34, 57, 106;
Trial §§ 21, 22.

Antagonistic defenses as ground for separate trials of codefendants
in criminal case. 82 ALR3d 245.

Lawfulness of "inventory search" of motor vehicle impounded by
police. 48 ALR3d 537.

credibility of a key prosecution witness, and the challenged remarks were fleeting and insignificant.

3. No manifest injustice arose from the prosecutor's comment that the issue of defendant Musick's waiver of constitutional rights had been previously litigated.

4. The trial court did not err in denying Musick's motion to suppress evidence of stolen items discovered during an inventory search of an automobile operated by Tucker but owned by Musick. The court's finding of reasonableness and implicit rejection of the allegation of pretext were not clearly erroneous.

5. Musick's argument that evidence discovered during a search incident to his arrest should have been suppressed because the arrest itself was effected without probable cause need not be addressed since it is raised for the first time on appeal and no miscarriage of justice will result from the failure to review the issue. Evidence at trial demonstrated probable cause to arrest, thereby rendering the issue unavailing to Musick on the merits.

6. The trial court did not abuse its discretion in denying Musick's request for substitution of counsel. Musick's proffered reasons for the desired change of counsel did not add up to adequate or good cause for a change of counsel.

7. The trial court did not err by not giving sua sponte a cautionary instruction concerning testimony by an accomplice. Even if it could be said that Musick was entitled to a cautionary instruction upon a timely request, any error in the court's refusing to give the instruction would have been harmless beyond a reasonable doubt.

8. Defendant Musick's argument that his conviction as a fourth-felony offender should be reduced to that of a second-felony offender may be correct. If, as Musick contends, all of his previous plea-based convictions arose from one transaction and one plea bargain, his potential criminal liability should be reduced as a matter of law to that of a second-felony offender. However, if the prosecutor disputes whether Musick did in fact tender his five previous pleas pursuant to a single bargain and if he contends that the facts underlying Musick's pleas justify charging Musick as a third-felony offender, he shall have leave to retry Musick on the supplemental information. To that end, the trial court shall, upon receiving notification from the prosecutor prior to resentencing, vacate the judgment of conviction and grant a new trial of Musick as a third-felony offender.

9. The prosecutor did not abuse his discretion by instituting habitual offender proceedings against Musick.

Affirmed as to defendants Tucker and Beckom. Affirmed in part, reversed in part, and remanded as to defendant Musick.

1. Criminal Law — Mistrial — Antagonistic Defenses — Appeal.

A ruling on a motion for a mistrial premised upon the occurrence of antagonistic defenses at a joint trial is reviewed for an abuse of discretion.

2. Criminal Law — Trial — Joint Trials.

Reversal of a criminal conviction is not mandated on the ground that the trial court erred in refusing to grant a motion for separate trials where the defense offered by a codefendant is different from that of the defendant but that different defense is not antagonistic to the defense of the defendant and the testimony of the codefendant does not in and of itself shed any light on the defendant's involvement in the crime, since prejudice is not established under such circumstances.

3. Criminal Law — Prosecutorial Comment — Preserving Question — Manifest Injustice.

The Court of Appeals will reverse a defendant's convictions on the basis of improper prosecutorial comments where no objection to the comments was made at trial only if necessary to redress manifest injustice.

4. Searches and Seizures — Automobiles — Inventory Searches.

The police are not constitutionally required to use a means less intrusive than an inventory search to secure a vehicle following the arrest of the occupants if the inventory search is conducted according to standard criteria and for legitimate noninvestigatory reasons.

5. Criminal Law — Indigent Defendants — Right to Counsel — Substitution of Counsel.

An indigent defendant is entitled to replacement of his assigned lawyer only upon a showing of adequate cause; genuine disagreement over the use of a substantial defense or of a fundamental trial tactic satisfies the good cause requirement; a mere allegation that the defendant lacks confidence in his attorney, unsupported by a substantial reason, does not amount to adequate cause, particularly when the request is belated.

6. Criminal Law — Jury Instructions — Accomplice Testimony.

It is error for a trial court to fail to give a cautionary instruction regarding accomplice testimony even in the absence of a request for such an instruction where the issue is closely drawn.

7. Criminal Law — Habitual Offenders — Multiple Convictions.

Multiple convictions of a person which arise out of a single transaction may count only as a single prior conviction for

purposes of the habitual offender statute (MCL 769.10-769.14; MSA 28.1082-28.1085[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Michael J. Modelski* (docket no. 98107) and *Margaret G. Horenstein* (docket nos. 99371 and 99764), Assistant Prosecuting Attorneys, for the people.

*James A. Waske,* for Thomas Lee Tucker.

State Appellate Defender (by *F. Michael Schuck*), for Patrick Musick.

*Thomas Jamnik,* for Donald Gary Beckom.

Before: HOLBROOK, JR., P.J., and MACKENZIE and N. A. BAGULEY,* JJ.

PER CURIAM. After a consolidated trial before a jury, defendants Patrick Musick and Donald Gary Beckom were each convicted of two counts of breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305, and defendant Thomas Lee Tucker was convicted on one count of the same offense. Defendant Musick was subsequently convicted by a different jury of being a fourth-felony offender, MCL 769.12; MSA 28.1084. Musick was sentenced to concurrent prison terms of ten to fifteen years on each of the two breaking and entering counts, and the underlying felony sentence was vacated in favor of a twenty-to fifty-year term on the habitual offender conviction. Defendant Beckom was sentenced to concurrent terms of eight to fifteen

---

* Circuit judge, sitting on the Court of Appeals by assignment.

years, and defendant Tucker was also sentenced to
eight to fifteen years.

All three defendants argue that the trial court
abused its discretion by not granting their motions
for severance of their trials and by not granting a
mistrial when it became apparent that each defen-
dant was raising a defense that was antagonistic
to the defenses of the codefendants. The trial
court's decision whether to grant severance is
reviewed in light of those considerations succinctly
stated by our Supreme Court:

> Statutory authority for the exercise of the
> court's discretion (MCLA 768.5; MSA 28.1028) and
> case law establishing a strong policy in favor of
> joint trials are acknowledged by defendants. There
> must be an affirmative showing of prejudice to
> substantial rights of the accused. . . . The motion
> here was based upon an allegation of inconsistent
> defenses. The record discloses that the defenses
> differed but were not inconsistent and no state-
> ment was used by one defendant against another.
> No abuse of discretion is demonstrated. [*People v
> Carroll,* 396 Mich 408, 414; 240 NW2d 722 (1976)
> (citation omitted).]

Likewise, a ruling on a motion for a mistrial
premised upon the occurrence of antagonistic de-
fenses at trial is reviewed for an abuse of discre-
tion. *People v Jackson,* 100 Mich App 146, 159; 298
NW2d 694 (1980).

Essentially, each defendant argues that the join-
der of their cases into one consolidated trial forced
them into the position of adopting a defense that
sought to exculpate that defendant and shift the
blame to the others. We find no abuse of discretion
in the refusal to grant severance. Although some
of the evidence gave rise to an inference that only
two persons were involved in the perpetration of

the crimes, this inference was by no means substantial. In contrast, there was substantial evidence incriminating all three defendants, including, but not limited to, the testimony of William Roosa tending to link Musick and Beckom to the breaking and entering incidents, Musick's inculpatory statement made to Roosa, fingerprint evidence of Musick and Beckom, Tucker's arrest while driving an automobile containing stolen goods, and evidence of footprints. Musick's last-minute decision to testify that he loaned his car to the other defendants without actually participating in crimes did not derogate the others' defenses. Although Tucker did state facts inconsistent with other evidence, i.e., his noninvolvement in the crimes, reversal is not warranted because he did not thereby provide evidence of any facts unknown to the jury that could further incriminate his codefendants or otherwise erode the viability of their defenses. See *People v Holly,* 129 Mich App 405, 413-414; 341 NW2d 823 (1983). Each defendant essentially urged that the evidence linking him to the crimes was unconvincing without attempting to incriminate his codefendants. This type of defense is not antagonistic because it is not dependent on an assertion that a codefendant did commit the crimes.

The convictions of defendants Beckom and Tucker are affirmed. The remaining issues are raised solely by defendant Musick.

Musick argues that he was prejudiced by the prosecutor's exploitation of codefendant Beckom's confession in an attempt to incriminate Musick. During the prosecutor's direct examination of the police officer testifying to Beckom's confession, no reference was made to the other defendants. This redaction avoided any violation of the rule of *Bruton v United States,* 391 US 123; 88 S Ct 1620;

20 L Ed 2d 476 (1968). See *People v Purofoy,* 116
Mich App 471, 481-482; 323 NW2d 446 (1982), lv
den 417 Mich 969 (1983). However, Musick's spe-
cific argument is that the prosecutor made im-
proper comments that raised inferences from the
confession incriminating Musick. During the re-
buttal part of closing arguments, the prosecutor
addressed a central matter in dispute, that of the
credibility of William Roosa, the key prosecution
witness who provided transportation and assis-
tance to two of the defendants after the commis-
sion of the acts of which defendants were accused.
The prosecutor made two brief references to state-
ments made in Beckom's confession in order to
provide corroboration of Roosa's testimony. In a
final summation, the prosecutor argued that the
entirety of the evidence, including, among other
matters, the confession, demonstrated the three
defendants' guilt. Thus, no argument directly im-
pugning Musick on the basis of statements con-
tained in the confession was asserted. All three
references to the confession were abbreviated. No
objection was made. The trial court later cautioned
the jury in accordance with CJI 4:1:02 not to
consider Beckom's confession against the other
codefendants.

When no objection is made to prosecutorial com-
ments, reversal is warranted only if necessary to
redress manifest injustice. *People v Wise,* 134
Mich App 82, 105; 351 NW2d 255 (1984), lv den
422 Mich 852 (1985). Under the circumstances
presented here, we are not inclined to find mani-
fest injustice. Indeed the challenged remarks were
so fleeting and the prejudice, if any, so insignifi-
cant that Musick's trial attorney may well have
refrained from an objection as a matter of judg-
ment as to what course of action would present his
client in the best possible light. Even if we were to

address this claim as one timely preserved for appeal, we would not reverse. We further find no manifest injustice arising from the prosecutor's comment that the issue of defendant's waiver of constitutional rights had been previously litigated. See *People v Kincaid,* 136 Mich App 209, 215-216; 356 NW2d 4 (1984), lv den 422 Mich 905 (1985).

Musick, relying on the Fourth Amendment, argues that the trial court should have suppressed evidence of stolen items discovered during an inventory search of an automobile operated by codefendant Tucker but owned by Musick. This argument is premised on the police actions in arresting Tucker for an outstanding warrant, an action that Musick maintains was merely a pretext so that the inventory search could be conducted for improper investigatory purposes. In the aftermath of our Supreme Court's inability to achieve a majority holding in *People v Krezen,* 427 Mich 681; 397 NW2d 803 (1986), the proper test for evaluation of an inventory search is somewhat unclear. About the only certain axiom to be gleaned from *Krezen* is that the police must act reasonably in light of the circumstances. *Id.,* pp 685-686, 697-698. See also *South Dakota v Opperman,* 428 US 364; 96 S Ct 3092; 49 L Ed 2d 1000 (1976). However, the United States Supreme Court has recently shed more light on this issue, stating that the police are not constitutionally required to use less intrusive means of securing a vehicle so long as the inventory search is conducted according to standard criteria and for legitimate noninvestigatory reasons. *Colorado v Bertine,* 479 US 367; 107 S Ct 738; 93 L Ed 2d 739 (1987). In this case, the police did adhere to a standard operating procedure, as required in *People v Long (On Rem),* 419 Mich 636; 359 NW2d 194 (1984). The decision to impound the automobile is based on a sound justifica-

tion, the desire of the police to avoid abandoning an automobile parked on the side of a busy street. The trial court's finding of reasonableness and implicit rejection of the allegation of pretext were not clearly erroneous. *People v Castle,* 126 Mich App 203; 337 NW2d 48 (1983), lv den 419 Mich 876 (1984). The same reasons support our conclusion that a second, subsequent inventory search of an automobile occupied by Musick and another was reasonable under the circumstances. Once both occupants were arrested, the police adhered to standard operating procedures in impounding the automobile.

Musick argues that evidence discovered during a search incident to his arrest should have been suppressed because the arrest itself was effected without probable cause. Since this issue is raised for the first time on appeal, we need not undertake appellate review unless failure to do so would result in a miscarriage of justice. *People v Juarez,* 158 Mich App 66, 71; 404 NW2d 222 (1987). We find no miscarriage of justice because evidence at trial demonstrated probable cause to arrest, thereby rendering this issue unavailing to Musick on the merits. Immediately prior to Musick's arrest, the police knew that Tucker was arrested in Musick's automobile with goods apparently taken in the two breaking and entering incidents. The police observed cotton gloves protruding from Musick's jacket that were consistent with fabric impressions left at the scene of the crimes. They further observed that Musick was wearing the brand of shoes indicated by footprints at the scene of the crimes and that items in the automobile were consistent with the description of items stolen in the reported incidents. This evidence was sufficient for a prudent person to believe that Musick had committed the charged crimes. See

*People v Lewis,* 160 Mich App 20, 25; 408 NW2d 94 (1987), lv den 429 Mich 860 (1987).

Musick argues that the trial court abused its discretion by denying his request that defense counsel be substituted. Although an indigent defendant is entitled to the appointment of a lawyer at public expense, he may not have his assigned lawyer replaced except upon a showing of adequate cause for a change in lawyers. *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973). Genuine disagreement between counsel and the defendant over the use of a substantial defense or of a fundamental trial tactic satisfies the good cause requirement in view of the importance of protecting the accused's right to counsel. *People v Jones,* 168 Mich App 191, 194; 423 NW2d 614 (1988). However, a mere allegation that a defendant lacks confidence in his attorney, unsupported by a substantial reason, does not amount to adequate cause, particularly when the request is belated. See *People v Otler,* 51 Mich App 256, 258-259; 214 NW2d 727 (1974). The trial court's denial of a request for a new attorney is reviewed for an abuse of discretion. *People v Morgan,* 144 Mich App 399, 401; 375 NW2d 757 (1985).

In this case, the proffered reasons for the desired change of counsel simply did not add up to adequate or good cause. No conflict in trial strategy, allegation of incompetence, or inadequate trial preparation emerged. Although defendant expressed his dissatisfaction, he failed to demonstrate a breakdown in the attorney-client relationship. We find no abuse of discretion.

Musick argues that the trial court committed instructional error by not giving a cautionary instruction concerning testimony by an accomplice. More particularly, defendant argues that the court should have given CJI 5:2:02 and 5:2:03.

However, when the defendant does not request an instruction or object to its omission, reversal is not warranted unless necessary to redress a miscarriage of justice. *People v Federico,* 146 Mich App 776, 784-785; 381 NW2d 819 (1985), lv den 425 Mich 867 (1986). When the omitted instruction pertains to the need to examine an accomplice's testimony with caution, the failure to give the instruction sua sponte requires reversal if the issue of the defendant's guilt is "closely drawn." *People v McCoy,* 392 Mich 231, 240; 220 NW2d 456 (1974). See also *People v Fredericks,* 125 Mich App 114, 120-122; 335 NW2d 919 (1983). However, the instant case did not present a credibility contest between the defendant and the alleged accomplice to the extent occurring in *McCoy.* Musick's guilt was premised upon a substantial amount of circumstantial evidence independent of the testimony of Roosa, the alleged accomplice. Consequently, reversal is not warranted. Moreover, the evidence tending to establish Roosa's role as an accomplice was relatively weak. Even if it could be said that Musick was entitled to a cautionary instruction upon a timely request, we would be inclined to find the error harmless beyond a reasonable doubt.

Making reference to several issues raised for the first time in this appeal, which we have already found lacking in merit, Musick argues that his defense attorney's failure to raise them at the trial level demonstrated ineffective assistance of counsel. In view of our resolution of these issues, we concomitantly find that defendant's right to effective assistance was not thereby abridged.

We affirm Musick's conviction on the principal offenses of breaking and entering an occupied dwelling with intent to commit larceny. The remaining issues pertain to Musick's conviction as an habitual offender.

Musick argues that his conviction as a fourth-felony offender should be reduced to that of a second-felony offender. The supplemental information charged Musick as a fourth-felony offender, premised upon the principal conviction in the instant case and three previous convictions for breaking and entering with intent to commit larceny. At the trial on the supplemental information, the prosecutor's proofs demonstrated that Musick pled guilty to five counts of breaking and entering, two before Oakland Circuit Court Judge John N. O'Brien (January 28, 1982, sentencing date) and three before Oakland Circuit Court Judge Steven N. Andrews (May 20, 1982, sentencing date).

Musick took the stand and admitted that he pled guilty to the five previous counts in accordance with a single plea bargain. Musick explained that he was arrested on November 4, 1981, and that police investigation resulted in nine counts of breaking and entering lodged against him. It was Musick's understanding of the terms of the plea agreement that his consideration for the pleas included dismissal of four counts and sentencing assurances relating to the five plea-based convictions.

The trial judge instructed the jury that it should convict Musick as a fourth-felony offender if it found that Musick had been previously convicted of the offenses set forth in the supplemental information. In so doing, the trial judge rejected Musick's argument that, because all of his previous plea-based convictions emanated from one transaction and one plea bargain, Musick's potential criminal liability should be reduced as a matter of law to that of a second-felony offender. The jury returned a verdict of guilty as charged.

In *People v Stoudemire,* 429 Mich 262; 414

NW2d 693 (1987), the defendant had three prior convictions arising out of a single transaction, but was tried and sentenced pursuant to a single proceeding. The defendant was charged for a subsequently committed principal offense and for being a fourth-felony offender. Defendant appealed his plea-based conviction, and the Supreme Court reversed, concluding that the defendant could only be charged as a second-felony offender because convictions resulting from the prior proceeding counted as only one offense under the habitual offender statute.

The question presented by this case is whether several prior convictions count as only one offense for purposes of the habitual offender statute if those prior convictions were obtained pursuant to a single plea bargain. The precise holding in *Stoudemire* is that "multiple convictions arising out of a single incident may count as only a single prior conviction for purposes of the statute." *Id.*, p 278. Since it is unclear from the record in the instant case whether the previous plea-based convictions were all based on a single incident, the holding of the Court in *Stoudemire* may not be directly controlling of the potentially different factual situation presented by the instant case. However, the broader reasoning of the Court is instructive:

> The Legislature intended that the habitual offender statute's fourth-felony provision, like the parallel provision in the New York statute, should apply only to a person who had had three opportunities to reform—who had been convicted and sentenced and then subsequently committed another felony for which he was also convicted and sentenced, and then subsequent to the second

conviction committed yet another felony, for which he was again convicted and sentenced. Upon this person's conviction for yet a fourth felony, he would be subject to the habitual offender act's fourth-felony provision. He would be subject to mandatory life imprisonment because he had three times failed to reform, "because of the apparent persistence in the commission of crime by the person convicted and his indifference to the laws . . . ." [*Id.,* p 271, quoting *People v Palm,* 245 Mich 396, 401; 223 NW 67 (1929).]

Since the stated policy to impute to an habitual offender only one prior conviction for each missed opportunity to reform is evidently the animus behind the holding in *Stoudemire,* we are convinced that the Supreme Court would deem Musick's five previous pleas as only one conviction for habitual offender purposes, assuming that the facts represented in Musick's testimony, i.e., multiple convictions obtained pursuant to one plea bargain, are accurate.

The trial court in this case erroneously rejected Musick's position as a matter of law. Accordingly, we reverse his conviction as a fourth-felony offender and remand with the direction that a conviction as a second-felony offender, MCL 769.10; MSA 28.1082, be entered and that Musick be resentenced on that charge. If, however, the prosecutor disputes whether Musick did in fact tender his five previous pleas pursuant to a single bargain and if he contends that the facts underlying Musick's pleas justify a third-felony offender charge under our reading of *Stoudemire,* he shall have leave to retry Musick on the supplemental information. To that end, the trial court shall, upon receiving notification from the prosecutor prior to resentencing, vacate the judgment of conviction

and grant a new trial of Musick as a third-felony offender.[1]

We are unpersuaded that the prosecutor abused his discretion by instituting habitual offender proceedings against Musick. See *People v Gwinn,* 111 Mich App 223, 253-254; 314 NW2d 562 (1981), lv den 417 Mich 949 (1983).

Affirmed as to defendants Tucker and Beckom. Affirmed in part, reversed in part, and remanded as to defendant Musick.

---

[1] It is clear from the record that sentencing on two of the three prior convictions set forth in the supplemental information was accomplished in one proceeding. At a minimum, these two convictions would count as only one offense under our reading of *Stoudemire,* and it would therefore be improper to retry Musick as a fourth-felony offender.