977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond JACKSON, Petitioner-Appellant,
v.
Terry PITCHER, Respondent-Appellee.
 No. 92-1191.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1992.
 
 1
 Before DAVID A. NELSON and SILER, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 Raymond Jackson, a pro se Michigan prisoner, appeals the district court's judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A jury convicted Jackson in December 1986 of assault with intent to do great bodily harm less than murder, and felon in possession of a firearm. He was sentenced to 5-10 years imprisonment for the assault count and 2 years (consecutive) for felony firearm. Jackson's conviction was affirmed on October 27, 1989, by the Michigan Court of Appeals and the Michigan Supreme Court subsequently denied a delayed application for leave to appeal.
 
 
 4
 Jackson then proceeded to file a series of four petitions for a writ of habeas corpus in the federal courts. All were dismissed, with this court denying a certificate of probable cause to appeal after each dismissal. Jackson's fourth habeas petition was dismissed as a mixed petition on February 21, 1991. The district court's order stated that Jackson could either return to the state courts to exhaust his ineffective assistance of counsel issue, or present an amended petition deleting the unexhausted issue.
 
 
 5
 In his present and fifth habeas petition, Jackson presents an amended petition raising his two exhausted grounds for relief: (1) the trial court refused his request for a change of clothing for his appearance before the jury, and (2) the trial court failed to give an instruction on qualified self-defense. In her report issued September 30, 1991, the magistrate judge recommended that this petition be dismissed as an abuse of the writ. Jackson filed objections, but the district court adopted the magistrate judge's report and recommendation and dismissed the petition as an abuse of the writ in an order and judgment filed January 3, 1992. On appeal, Jackson continues to argue the merits of his grounds for relief.
 
 
 6
 Upon review, we affirm the district court's judgment for reasons other than abuse of the writ. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). Jackson was given express leave to return to the federal courts with an amended petition. Therefore, even though this fifth habeas petition may otherwise meet the requirements of Rule 9(b), Rules Governing Section 2254 Cases, see McCleskey v. Zant, 111 S.Ct. 1454, 1467 (1991), the interests of justice require that Jackson's grounds for relief be accepted or rejected on their merits. Nonetheless, because the record shows that Jackson is clearly not entitled to relief, we affirm the judgment for lack of merit in the issues presented. Jackson has not shown that his trial was fundamentally unfair or that the proceeding resulted in his unjust confinement. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 7
 Jackson's prison garb issue is meritless because he was not forced to stand trial before the jury in identifiable prison clothing. A defendant's failure to object to being tried in identifiable prison clothing negates the presence of the compulsion necessary to establish a constitutional violation. See Estelle v. Williams, 425 U.S. 501, 512-13 (1976). Although Jackson did initially object to the prison clothing (which was found by the trial court to be unidentifiable as such), he chose to remain in his prison-issue khaki shirt after the trial court offered him the opportunity to change. This choice constitutes a waiver and precludes relief.
 
 
 8
 Jackson's second issue is meritless because he did not request the trial judge to give an instruction on qualified self-defense. Thus, he failed to preserve this issue for review. See Young v. Langley, 793 F.2d 792, 795 (6th Cir.), cert. denied, 479 U.S. 950 (1986); People v. Tucker, 181 Mich.App. 246, 256, 448 N.W.2d 811, 816 (1989) (per curiam). Moreover, there was no error in the jury instructions cognizable in a federal habeas action.
 
 
 9
 Accordingly, the district court's judgment, issued January 31, 1992, is affirmed for the reasons stated above. Rule 9(b)(3), Rules of the Sixth Circuit.