*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

MICHAEL REMON DALOU,

        Defendant-Appellee.

UNPUBLISHED
June 9, 2022

No. 357668
Wayne Circuit Court
LC No. 20-005251-01-FH

Before: CAMERON, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

Dearborn police were searching for defendant because of two outstanding warrants for his arrest when a police officer saw defendant's vehicle and pulled it over for traffic violations. Defendant was removed from the vehicle and placed under arrest for the outstanding warrants. Police then searched defendant's vehicle and found a handgun, but they did not make a record of the other items found in the vehicle. The prosecutor charged defendant with carrying a concealed weapon, MCL 750.227, but defendant moved to suppress the evidence obtained during the search of his vehicle, arguing that the search was not a valid inventory search. The trial court agreed and we affirm.

The Dearborn Police Department has an inventory policy that requires police officers to "conduct an inventory of the vehicle noting the results on the incident report, even if nothing of value is found inside of the vehicle." The policy additionally notes that "items of appreciable value" such as "luggage" must be removed from the vehicle, "appropriately tagged, logged[,] and placed into the property locker to be held for safekeeping."

The handgun was found inside a backpack in the back seat of defendant's vehicle. The vehicle also contained several personal items such as boxes of shoes and suitcases. The incident report of the search noted the handgun, but it did not address anything else found in defendant's vehicle. And the record is silent regarding whether any "items of appreciable value" were placed in property lockers. Defendant moved to suppress the evidence of the handgun found during the search, arguing that the police did not conduct a proper inventory search because they did not properly note the results of the inventory search. The trial court agreed, concluding that the police

failed to comply with the inventory policy and that the police's conduct "makes it sound like this is less of an inventory search than . . . a pretext for a criminal investigation." This appeal followed.

"We review for clear error a trial court's findings of fact in a suppression hearing, but we review de novo its ultimate decision on a motion to suppress. We review de novo whether the Fourth Amendment was violated and whether an exclusionary rule applies." *People v Hyde*, 285 Mich App 428, 436; 775 NW2d 833 (2009) (citations omitted). Whether a search was pretextual is a question of fact. See *People v Tucker*, 181 Mich App 246, 254; 448 NW2d 811 (1989).

An inventory search is "a well-defined exception to the warrant requirement of the Fourth Amendment." *Colorado v Bertine*, 479 US 367, 371; 107 S Ct 738, 741; 93 L Ed 2d 739 (1987). "To be constitutional, an inventory search *must* be conducted in accordance with established departmental procedures, which all police officers are required to follow, and *must* not be used as a pretext for criminal investigation." *People v Toohey*, 438 Mich 265, 284; 475 NW2d 16 (1991).

The Dearborn Police Department's inventory policy requires police officers to note the results of an inventory search in an incident report. It also requires police officers to remove "items of appreciable value" from the vehicle; luggage is specifically listed as one such item. Those procedures were not followed in this case. The incident report does not list the items in defendant's vehicle other than the handgun that was found. Additionally, there were multiple valuable items in the vehicle, such as boxes of shoes and luggage, that were not removed, logged, and placed in the property locker as directed by the inventory policy. The prosecutor argues that the police made a mere record-keeping error when they failed to take an inventory of the items in defendant's vehicle. But the police did not simply fail to make a note of some items in the vehicle. Rather, they failed to make a note of almost everything in the vehicle, with the notable exception of the handgun that led to the criminal charge in this case. Accordingly, we are not definitely and firmly convinced that the trial court erred by concluding that the police failed to comply with the department's own inventory policy.

The police's failure to comply with the inventory policy is exacerbated by the circumstances surrounding the search. The police were looking for defendant on the night of the search because of the warrants for his arrest. After pulling over defendant, police arrested him and searched his vehicle. The police's conduct suggests that they intentionally sought out defendant, and given their failure to conduct a proper inventory search, we are not definitely and firmly convinced that the trial court erred by concluding that the search was a pretext for a criminal investigation.

Affirmed.

/s/ Thomas C. Cameron
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle