BARRON, Judge.
Donald Cook was convicted by a Walker County Circuit Court jury of assault in the third degree. The trial court entered a judgment of conviction and sentenced Cook to 12 months’ hard labor. Hence this appeal.
During the pre-dawn hours of October 4, 1980, two officers of the Carbon Hill Police Department, John Mark Tirey and Larry Cagle, followed appellant’s car to his residence. Immediately prior thereto the officers had stopped appellant, and he had abruptly left the scene in his vehicle upon being requested by one of the officers “to step out of the car.” The evidence is conflicting as to whether the blue light on the officers’ patrol car was operating during the pursuit of appellant to his residence.
The officers testified that they arrived at appellant’s residence in time to see four people leave appellant’s car and go into the house, and saw appellant return to the front porch with “a long gun” in his hand. They further testified that they heard two shotgun blasts fired from the front porch. Officer Cagle was hit by one of the shots, and Officer Tirey fired two shots at appellant, who was on the front porch.
Police reinforcements arrived and, by the use of a loudspeaker system, the occupants of the residence were told to come out of the house. Three people, not including appellant, came out of the house, and a search of the house and the adjoining area failed to locate appellant.
Later that same morning, “somewhere after 9:00,” an arrest warrant was issued for appellant. Appellant was located at someone else’s residence “in the back bedroom closet” sitting on the floor, and was arrested.
I
Appellant contends that the State failed to prove venue and that, therefore, the trial court erred to reversal in denying appellant’s motion for a directed verdict at the conclusion of the State’s case. We disagree, finding that venue was sufficiently established by the testimony of Officer Tir-ey in describing appellant’s residence and the incident which occurred there:
“Q. Is this particular area located in Walker County?
“A. Yes sir, it is.”
II
Next, appellant contends that the trial court erred in denying his motion for a mistrial on the grounds that improper impeachment of a defense witness was permitted, over objection, relative to a prior conviction involving moral turpitude.
*291 Generally, on cross-examining a witness about a prior conviction, only inquiries about the designation of the crime, the time and place of conviction, and the punishment are proper. Favor v. State, 389 So.2d 556 (Ala.Crim.App.1980), and the authorities therein cited.
A review of the record reveals that two questions on cross-examination of that nature were propounded to witness Steve Cook, and neither question exceeded the permissible limits.
Appellant further complains that the State improperly used the word “convictions,” erroneously indicating more than one conviction, as follows:
“MR. GUSTIN [Prosecutor]: Judge, I have a right to go into this man’s prior felony convictions to show the jury how much credit they can put in his testimony.”
The remark occurred in a colloquy among the trial court, appellant’s attorney, and the prosecutor after appellant’s objection to one of the prosecutor’s questions, which we have determined was within the permissible limits.
Immediately after the prosecutor’s remark, appellant pointed out the fact of only one conviction. In addition, during the colloquy, the trial court gave the following instruction to the jury:
“COURT: Ladies and gentlemen of the jury, the fact that a witness may have been convicted of a crime involving moral turpitude or a felony would not help us in arriving at a verdict in this case.
“The only conceivable purpose in allowing these facts, if they be facts, would be as to their bearing on the witness’s credibility as a witness and none of the details of such a transaction are admissible for your consideration whatsoever. If it be a fact, then the fact itself is the only thing that would be appropriate for us to consider under any circumstances and that’s solely for the purpose of whatever bearing you might think that it would have on his credibility and you will not consider anything else for any other reason.
“All right, gentlemen.”
It is clear that the jury understood that only one prior conviction was involved.
After inquiring of the witness about a specific prior offense, the prosecutor asked whether the witness liked “these police involved.” The witness replied: “No sir, not really. I don’t like coming to court.”
It is obvious from the question and from the answer of the witness that the reference was to the police involved in the case at bar, and not the prior conviction case.
We hold that the trial court’s denial of the motion for a mistrial was proper.
Ill
Appellant urges that the trial court erred in the oral jury charge when it charged that a defense witness had been impeached. The applicable portion of the charge is:
“If you find from the evidence in this case that any witness has been impeached or successfully impeached, that doesn’t mean that you must necessarily disregard that witness’s testimony in whole or in part for there may be other evidence in the case that tends to support or corroborate that testimony or some part of the testimony, but as I have told you, you will be the sole and exclusive judges of what you believe and what you don’t believe. And I charge you in this connection that one of the witnesses was impeached by proving that he had been convicted of a crime involving moral turpitude.”
No objections were made by appellant to the trial court’s oral charge. The record reveals the following statement by appellant’s attorney immediately following the oral charge: “No exceptions, Your Honor.”
Therefore, nothing is preserved for review on this issue. Where no exceptions or objections are made to the trial court’s oral charge, this court cannot review the issue of an asserted error in the jury instructions. Storie v. State, 390 So.2d 1179, writ denied, 390 So.2d 1184 (Ala.Crim.App.1980); Hewitt v. State, 389 So.2d 157 (Ala. *292 Crim.App.1980); Langley v. State, 383 So.2d 868, writ denied, 383 So.2d 873 (Ala.Crim.App.1980).
In view of the above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.