Robert Jackson Carlisle was indicted and convicted for receiving stolen property in the second degree. Alabama Code 1975, § 13A-8-18. He was sentenced as an habitual offender to 15 years' imprisonment. On appeal, Carlisle argues that the evidence is insufficient to support his conviction.
On the night of May 10, 1983, Homewood Police Officer Ronald Mixon responded to a burglary report at the Quality Inn and observed Carlisle standing next to a Volvo in the parking lot. Carlisle spotted the officer, "immediately dipped down or stooped down between the cars and then came right *Page 1206 
back up again and started in a fast walk toward" a red Mercury Capri "parked in the driveway with the motor running and the lights on." Carlisle drove away but was stopped by Officer Mixon.
In the back seat of the car Carlisle was driving was a microwave oven. A window in the Volvo was broken and a trail of blood led from the Volvo to the red Mercury. Carlisle had a cut on his wrist. The evidence established that the microwave oven had been stolen from the Volvo.
The stolen property involved in this case was a radar detector taken from a truck belonging to Harry Schell. The radar detector was stolen the same night while the truck was parked in the parking lot of the Quality Inn.
Here, the requisite guilty knowledge and intent for the offense of receiving stolen property "may be inferred by the jury from the possession of recently stolen property as well as the facts and circumstances surrounding the entire transaction." Boykin v. State, 398 So.2d 766, 769
(Ala.Cr.App.), cert. denied, Ex parte Boykin, 398 So.2d 771
(Ala. 1981). Alabama Code 1975, § 13A-8-16 (b)(2), provides: "If a person: * * * (p)ossesses goods or property which have been recently stolen, * * * this shall be prima facie evidence that he has the requisite knowledge or belief." This section is constitutional and does not shift the burden of proof to the accused. Eldridge v. State, 415 So.2d 1190 (Ala.Cr.App. 1982).
The possession of recently stolen property by the accused places upon him the burden of explaining that possession to the satisfaction of the jury. Buckles v. State, 291 Ala. 352,280 So.2d 814 (1972); Eldridge, 415 So.2d at 1194; Boykin, 398 So.2d at 769. "Whether the explanation offered is credible or satisfactory is a question for the jury." Orr v. State,107 Ala. 35, 39, 18 So. 142 (1895). See also Stamps v. State,380 So.2d 406, 408 (Ala.Cr.App. 1980); Waters v. State,360 So.2d 358, 361 (Ala.Cr.App.), cert. denied, Ex parte Waters,360 So.2d 367 (Ala. 1978).
Here, the facts and circumstances support the jury's verdict. Recently stolen property was found in Carlisle's possession. When discovered, Carlisle fled into an automobile which had its engine running and its lights on. Flight is a circumstance which the jury may consider in determining guilt. Bighames v.State, 440 So.2d 1231, 1234 (Ala.Cr.App. 1983).
At trial, Carlisle's defense was that he was merely picking up the car at the owner's request. While the State did not offer any evidence as to who actually owned the car, ownership of this car was not indicative of Carlisle's guilt or innocence under the circumstances of this case. In some cases the accused's connection to the vehicle in which the stolen property is found is especially significant in establishing the accused's guilty knowledge. Cork v. State, 433 So.2d 959
(Ala.Cr.App. 1983). "The courts have usually taken the position that where stolen property is found in a motor vehicle being driven by a defendant, the possession of the defendant is exclusive so as to support an inference of guilt." Annot., 51 A.L.R.3d 727, 797 (1973).
Review convinces this Court that the evidence supports the jury's verdict under the principles stated in Cumbo v. State,368 So.2d 871 (Ala.Cr.App. 1978), cert. denied, Ex parte Cumbo,368 So.2d 877 (Ala. 1979). The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur. *Page 1207