TAYLOR, Judge.
The appellant, Mark Stanley, was convicted of two counts of receiving stolen property, first degree. He received two sentences of 3 years to be served consecutively and two fines of $200. He now raises three issues on appeal.
In the early morning hours of September 2, 1984, four thieves stole a 1984 Honda 200KS, three-wheeled motorcycle. The same four men stole another such vehicle on September 8, 1984. The men took the three-wheelers, which were valued over $1,000 each, to the appellant, who paid $150 for each one. When investigating the thefts of the three-wheelers, the police eventually learned of the sale of the vehicles to the appellant. When questioned by the officers, appellant originally denied purchasing the vehicles. The officer then read the appellant his Miranda rights and the appellant stated that he understood his rights. After the officer informed him of the facts of the case, appellant admitted that he had paid $150 to the four thieves for tires. The police officer then told appellant that he needed to go with him to the police statioh. At the station, the chief of police arrived and inquired as to what was going on. The police officer explained, and the chief then talked with the appellant. The chief then asked the police officer whether, if appellant returned the vehicles, he would be willing to drop the charges. The police officer said he did not know. The appellant thereafter returned the motorcycles and went again to the police station. The police officer again read the appellant his Miranda rights and secured from him a signed waiver of rights form. The police officer took down appellant’s confession and then told him he did not know what they were going to do and that he would later contact the appellant. The chief again asked the officer how he felt about not charging the appellant, and the officer replied that the case would be presented to the grand jury. Upon questioning at trial, the chief testified that he at no time promised that the charges against the appellant would be dropped.
I
The appellant argues that his confession was not voluntarily given. He states that he gave his confession in reliance upon a promise of nonprosecution. He argues that the trial court did not conduct a thorough hearing concerning the voluntariness of his confession and that the trial court erroneously denied his pretrial and trial *149 motions to suppress based upon the same grounds.
Before a confession can be admitted into evidence, the state must show a Miranda predicate and voluntariness of the confession. Malone v. State, 452 So.2d 1386 (Ala.Cr.App.1984). In this case, no argument is made that a Miranda predicate was not given. We therefore are concerned solely with the voluntariness of the confession. The trial court correctly conducted a voir dire hearing outside the presence of the jury to determine the voluntariness of the confession. Malone, supra. The trial court’s decision will not be overturned, unless clear abuse is shown. Id.; Snider v. State, 422 So.2d 807 (Ala.Cr.App. 1982). Here, the trial court ruled the confession was voluntary. The appellant argues that, because conflicting evidence was presented, a “thorough” hearing was not conducted. We disagree. Further, when the court rules a confession to be voluntary after hearing conflicting testimony, the testimony may be considered by the jury as bearing on the weight to be accorded the confession. Malone, supra. No error occurred in the trial court’s overruling appellant’s motion to suppress.
II
The appellant next argues that the court erred in denying his motion for judgment of acquittal. Receiving stolen property is defined in § 13A-8-16, Code of Alabama 1975:
“(a) A person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner.
“(b) If a person:
“(1) On two separate occasions within a year prior to the commission of the instant offense of receiving stolen property is found in possession or control of stolen property; or
“(2) Possesses goods or property which have been recently stolen; or
“(3) Regularly buys, sells, uses or handles in the course of business property of the sort received, and acquired the property without making reasonable inquiry whether the person selling or delivering the property to him had a legal right to do so, this shall be prima facie evidence that he has the requisite knowledge or belief.
“(c) The fact that the person who stole the property has not been convicted, apprehended or identified is not a defense to a charge of receiving stolen property.”
Receiving stolen property in the first degree is defined in § 13A-8-17, Code of Alabama:
“(a) Receiving stolen property which exceeds $1,000.00 in value constitutes receiving stolen property in the first degree.
“(b) Receiving stolen property in the first degree is a Class B felony.”
All the participants in the crime testified to the theft and sale of the stolen vehicles. The owners of the vehicles testified to the value and the events surrounding the theft. The state presented more than sufficient evidence to the jury on all counts. The trial court properly denied appellant’s motion for judgment of acquittal.
Ill
Appellant argues that the trial court erred in charging the jury on the effect of a witness’s testimony. A timely objection was not made on this issue, and, so, it was not properly preserved for review. Allen v. State, 414 So.2d 989 (Ala.Cr.App.1981), aff’d, 414 So.2d 993 (Ala. 1982). Even if the issue had been preserved, appellant Stanley would not have prevailed. He argues that the trial court erred in charging the jury:
“If a person possesses goods or property which have been recently stolen, now, this would create — if the defendant is found in possession of goods which are recently stolen — this would create a presumption that he had knowledge that the goods were stolen. However, the defendant would be then entitled to present evidence showing that he did not have *150 reason to know or did not know that the goods were stolen. This would be a factual question for you to determine if in fact the defendant had the requisite guilty knowledge.”
This is a correct statement of law. Carlisle v. State, 465 So.2d 1205 (Ala.Cr.App.1984); Bullock v. State, 54 Ala.App. 609, 311 So.2d 332 (1975).
For the reasons set forth above, the judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.