A Montgomery County grand jury returned a two-count indictment against the appellant, charging him with theft of property in the first degree, in violation of § 13A-8-3, Codeof Alabama (1975), or in the alternative, with receiving stolen property in the first degree, in violation of § 13A-8-17, Codeof Alabama (1975). Following a jury trial, the appellant was found guilty of receiving stolen property in the first degree and was sentenced under the Habitual Felony Offender Act to a term of ten years' imprisonment.
The evidence presented by the prosecution tended to establish the following facts:
A 1976 Pontiac Ventura automobile belonging to Woodrow Sadler was stolen from the driveway next to Mr. Sadler's home. Mr. Sadler had left the key ring *Page 367 
holding his car keys either in the automobile or in the door of his home. Upon realizing that the car was missing, Sadler notified the police and a report was issued regarding the vehicle.
That same day, Officer K.C. Baldwin of the Montgomery Police Department noticed a maroon-colored automobile that was stopped at an intersection. Officer Baldwin saw that two of the car's tires were flat and that the right front of the car appeared to have been damaged, so he stopped to assist the motorist. Seeing no driver, Officer Baldwin approached the car and looked inside, at which time he saw the appellant lying on the front seat. The appellant did not respond when Baldwin first spoke to him, and Baldwin noticed a strong smell of alcoholic beverage coming from the car. Baldwin finally got the appellant out of the car and asked him some questions; the appellant stated his name, but said nothing further, and could not walk without assistance. Upon discovering from a radio dispatch that the car had been stolen, Baldwin read the appellant hisMiranda rights and then arrested him. The car and the appellant were taken to the police station.
The appellant was questioned by Detective L.O. Perdue, who testified that the appellant smelled of alcohol but appeared alert. After Detective Perdue gave the appellant hisMiranda rights, the appellant gave him an oral statement in which he alleged that he had been picked up in the car by a girlfriend, Wanda Gibbs. The appellant gave Detective Perdue a telephone number and an address where Gibbs could allegedly be reached, but the telephone number had been disconnected and the address was non-existent. Subsequent efforts by police to locate her were unsuccessful. The appellant's statement contained no explanation of how he came into possession of Sadler's car, and the appellant did not testify at trial.
 I.
As his first issue, the appellant argues that the State failed to prove that he was in "possession" of the stolen automobile, as required by § 13A-8-16(b)(2), Code of Alabama
(1975). As his fourth issue, the appellant argues that the State failed to prove that the value of the stolen car which he was convicted of receiving exceeded $1,000.00, as required by §13A-8-17(a), Code of Alabama (1975). In deciding these issues adversely to the appellant, this Court does not find it necessary to reach the merits of his claims, since neither issue is preserved for appellate review.
In Ex parte Maxwell, 439 So.2d 715 (Ala. 1983), the Alabama Supreme Court held that the defendant's motion to exclude the prosecution's evidence on the ground that it had failed to prove a prima facie case was sufficient to preserve for appellate review the issue of the city of Mobile's failure to introduce the relevant ordinance into evidence. In reversing this Court's decision, the Maxwell Court held as follows:
 "To preserve the issue for appeal, it is necessary for defendant to state his grounds upon moving to exclude evidence; however, it is not necessary to draw the trial court's attention to the particular defect. It is sufficient that the defendant state the ground that the prosecution has failed to make a prima facie case. Turner v. State, 266 Ala. 250, 96 So.2d 303 (1957); see also, R. Williams, Williams' Alabama Evidence § 308 (1967)."
Id. at 717. See also, Fortier v. State, 515 So.2d 101, 104
(Ala.Cr.App. 1987), cert. denied, 484 U.S. 1043, 108 S.Ct. 776,98 L.Ed.2d 862 (1988).
The rule of law in Maxwell, however, does not apply to cases in which a defendant's motion for judgment of acquittal states very specific grounds, "none of which can be construed as attacking each and every element" of the offense charged,Hanson v. City of Trussville, 539 So.2d 1082, 1084 (Ala.Cr.App. 1988), or cases where a defendant's motion directs the trial court's attention to matters different from those raised on appeal. Howard v. State, 506 So.2d 351, 353 (Ala.Cr.App. 1986). At the close of the State's case, appellant's attorney made an oral motion for a directed judgment of acquittal, arguing as follows: *Page 368 
 "DEFENSE COUNSEL: Basically the motion for judgment is based on the fact that the State has not proved a prima facie case in this matter of theft of the vehicle. And by their own testimony of their own witnesses which they put on, they gave — the defendant gave a statement. They entered the statement which specifies he took it from a third person. And that's the evidence they offered. We say that's not a prima facie case."
This argument appears to be directed at the charge of theft of property in the first degree, and does not appear to challenge the sufficiency of evidence relating to the alternative charge of receiving stolen property in the first degree.
Two days after the verdict was returned against the appellant, his attorney filed a written motion for judgment of acquittal with the trial court, which alleged the following:
 "1. On October 11, 1988, Defendant was indicted for the offense of receiving and concealing stolen property in the first degree or, in the alternative, theft in the first degree.
 "2. On March 27, 1989, he was tried by a jury on these charges and found guilty of receiving and concealing stolen property in the first degree.
 "3. No evidence was presented concerning the charge of receiving and concealing stolen property in the first degree, and, therefore, the verdict of the jury is not supported by the evidence.
 "4. The jury, tacitly at least, found Defendant not guilty of the offense of theft of property in the first degree."
However, during a subsequent hearing on this motion, counsel's argument was confined almost entirely to the contention that the evidence presented by the State at trial, if it proved any crime at all, showed that the appellant stole the automobile which he was convicted of receiving, and that a defendant cannot be convicted of receiving property that was stolen by him.
"The appellant is bound by the specific objections that he made at trial and cannot raise a new ground on appeal.Bolding v. State, 428 So.2d 187 (Ala.Cr.App. 1983)." Washingtonv. State, 555 So.2d 347 (Ala.Cr.App. 1989). As the issues now before this Court were never raised before the trial court, they are not preserved for our review. Ex parte Frith,526 So.2d 880, 882 (Ala. 1987); Dixon v. State, 476 So.2d 1236
(Ala.Cr.App. 1985).
Moreover, the appellant's argument that the State failed to prove that he was in "possession" of the stolen car is not supported by the record of this case.
"Possession is not limited to actual manual control by the person, Rather, if the stolen property is under one's power and dominion, it is possessed by him. McConnell v. State,48 Ala. App. 523, 266 So.2d 328, cert. denied, 289 Ala. 746,266 So.2d 334 (1972)." Boykin v. State, 398 So.2d 766, 769
(Ala.Cr.App. 1981), cert. denied, Ex parte Boykin,398 So.2d 771 (Ala. 1981). "Actual physical control is not necessary to establish possession. Possession is to be determined by examining all of the surrounding circumstances. Breazeale v.State, [51 Ala. App. 320 at 322, 285 So.2d 130 (1973)]."Cheatham v. State, 431 So.2d 1350, 1354 (Ala.Cr.App. 1983).
Officer Baldwin testified at trial that, when he first reached the stolen Pontiac, he noticed that the vehicle had two flat tires and had been damaged on its right front side. Officer Baldwin also testified that the appellant, who was the only occupant of the car, was lying in the front seat, and did not respond to him. The jury could reasonably infer from Officer Baldwin's testimony that the Pontiac was under the appellant's "power and dominion." Boykin, supra. The appellant's argument as to this issue must therefore fail.
 II.
The appellant argues that the prosecution failed to show that he had "guilty knowledge" that the Pontiac was stolen and that the State therefore failed to prove a prima facie case of receiving stolen property in the first degree.
 "Here, the requisite guilty knowledge and intent for the offense of receiving stolen property 'may be inferred by the *Page 369 
jury from the possession of recently stolen property as well as the facts and circumstances surrounding the entire transaction.' Boykin v. State, 398 So.2d 766, 769 (Ala.Cr.App.), cert. denied, Ex parte Boykin, 398 So.2d 771 (Ala. 1981). Alabama Code 1975, § 13A-8-16(b)(2), provides: 'If a person: * * * [p]ossesses goods or property which have been recently stolen, * * * this shall be a prima facie evidence that he has the requisite knowledge or belief.' This section is constitutional and does not shift the burden of proof to the accused. Eldridge v. State, 415 So.2d 1190 (Ala.Cr.App. 1982).
 "The possession of recently stolen property by the accused places upon him the burden of explaining that possession to the satisfaction of the jury. Buckles v. State, 291 Ala. 352, 280 So.2d 814 (1972); Eldridge, 415 So.2d at 1194; Boykin, 398 So.2d at 769. 'Whether the explanation offered is credible or satisfactory is a question for the jury.' Orr v. State, 107 Ala. 35, 39, 18 So. 142
(1895). See also Stamps v. State, 380 So.2d 406, 408 (Ala.Cr.App. 1980); Waters v. State, 360 So.2d 358, 361 (Ala.Cr.App.), cert. denied, Ex parte Waters, 360 So.2d 367 (Ala. 1978)."
Carlisle v. State, 465 So.2d 1205, 1206 (Ala.Cr.App. 1984). See also, Stanley v. State, 512 So.2d 147, 149-50 (Ala.Cr.App. 1987).
When the prosecution established that the appellant was in "possession" of property that had recently been stolen, it likewise established prima facie evidence of scienter,Carlisle, supra, which the appellant did not rebut. Further, the jury could reasonably construe the appellant's statement to Officer Perdue, that a girlfriend had picked him up in the stolen car, as conduct indicating his consciousness of guilt, especially because the address that the appellant gave for her was non-existent and her alleged telephone number had been disconnected. See generally, C. Gamble, McElroy's AlabamaEvidence, §§ 190.07 and 200.02(4)(b) and (c). This evidence, uncontroverted by the appellant, is more than sufficient to prove guilty knowledge on his part.
 III.
Finally, the appellant contends that the evidence presented by the State establishes that he stole, rather than "received," the automobile and, thus, that the trial court erred in denying his motion for judgment of acquittal.
 "In Jackson v. State [, 516 So.2d 726](Ala.Cr.App. 1985), we stated:
 " 'In deciding whether or not there is sufficient evidence to support the verdict of the jury and the judgment of the trial court, the evidence must be reviewed in the light most favorable to the prosecution. . . . Conflicting evidence presents a jury question not subject to review on appeal, provided the State's evidence establishes a prima facie case. . . . The action of the trial court in denying a motion for acquittal, in denying a motion to exclude the evidence . . . must be reviewed by determining whether or not there exists legal evidence before the jury, at the time the motions are made, from which the jury by fair inference could find the defendant guilty. . . . A verdict of conviction will not be set aside on the ground of insufficiency of the evidence, unless, allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince this court that it was wrong and unjust.' (Citations omitted.)"
Carroll v. State, 492 So.2d 323, 327 (Ala.Cr.App. 1986).
In Dixon v. State, 536 So.2d 959 (Ala.Cr.App. 1988), this Court addressed the issue now raised by the appellant. In rejecting the appellant's argument that the evidence established that he actually stole the property he was convicted of receiving, and therefore did not support the jury's verdict, we held as follows:
 "The general rule of law in Alabama is that a defendant cannot be convicted of buying and receiving stolen property where he stole the property in question. Ogle v. State, 386 So.2d 493
(Ala.Cr.App. *Page 370 
1980). See also Ex parte Thomas, 445 So.2d 939
(Ala. 1983); Nicholson v. State, 369 So.2d 304
(Ala.Cr.App. 1979). The reason for the rule stems from the logical impossibility for the thief to receive stolen property from himself. Davidson v. State, 360 So.2d 728 (Ala.Cr.App.), cert. denied, 360 So.2d 731 (Ala. 1978). This Court, however, distinguishes Ogle and the other cited cases from the case at bar in that, in each of the cited cases, the State presented conclusive evidence that the defendant had actually stolen the property which he was convicted of receiving.
 "In the instant case, the State offered conflicting testimony. The jury could either reasonably conclude that the appellant did, in fact, receive the stolen property, or that the appellant himself helped to steal the property in question. It could be concluded from the testimony of Officer Hutcheson and from the written statement of the appellant offered as evidence by the State that the appellant did not participate in the break-in of the school, but did receive property taken in the burglary. It could also be reasoned from the testimony of Dickie Howard that the appellant aided Howard in taking the computer and other property from the school. Accordingly, the principle of law set forth in Ogle supra, is inapplicable here. As the State's evidence did not conclusively establish that the appellant stole the property which he was convicted of receiving, the State was not precluded from obtaining a conviction against the appellant for receiving stolen property. That the appellant may have stolen the property cannot reasonably be doubted, but there is no definite evidence to that effect. Craig v. State, 375 So.2d 1252
(Ala.Cr.App.), cert. denied, 375 So.2d 1257 (Ala. 1979)."
Id., at 961-62. (Emphasis supplied).
However, in the present case, as in Dixon, supra, although the State presented no evidence conclusively proving that the appellant stole Woodrow Sadler's Pontiac, the jury could have so concluded.
AFFIRMED.
All Judges concur except BOWEN, J., concurring in result only without opinion.