Faky Wasp, the appellant, was convicted of receiving stolen property in the second degree and was sentenced as a habitual felony offender to 20 years' imprisonment. He raises three issues on this direct appeal from that conviction.
 I
The appellant argues that the trial court erred by denying his motion for judgment of acquittal at the close of the State's case because the State failed to prove that the appellant knew that the property was stolen and failed to prove the value of the property.
The State's evidence showed that two television sets were stolen in a burglary which was committed in Point Clear, Alabama, on January 25, 1993. The appellant sold one of those televisions to Ms. Janice Knight of Fairhope, Alabama, for $40. That same television had been purchased in 1990 for $360. The police recovered this television on February 22, 1993. On that same date, the appellant gave a statement to the police, admitting that "he was there when the TV was stolen," but saying that he didn't steal it. The only thing he did was sell the TV." R. 148. An underwriting manager at Baldwin Mutual Insurance Company testified that the television would have a value of more than $200.
The appellant testified in his own behalf that he purchased the television from a man named "Jimmy" and that the only witness to this transaction, Albert Franklin, had died.
The State presented ample evidence that the appellant possessed property he knew to have been stolen.
 "The crime of receiving stolen property is defined as 'intentionally receiv[ing], retain[ing] or dispos[ing] of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner.' Ala. Code 1975, § 13A-8-16(a). 'If a person . . . [p]ossesses goods or property which have been recently stolen . . . this shall be prima facie evidence that he has the requisite knowledge or belief [that the property was stolen].' Ala. Code 1975, § 13A-8-16(b). 'The possession of recently stolen property by the accused places upon him the burden of explaining that possession to the satisfaction of the jury. . . . "Whether the explanation offered is credible or satisfactory is a question for the jury." ' Carlisle v. State, 465 So.2d 1205, 1206 (Ala.Cr.App. 1984) (citations omitted). 'The reasonableness of the explanation given by one in possession of recently stolen property is to be determined from all of the circumstances, and, if reasonable people can come to a different conclusion on the subject, the question of whether the explanation is reasonable is one to be determined by the jury.' Ford v. State, 383 So.2d 601, 603 (Ala.Cr.App. 1980)."
McClellan v. State, 628 So.2d 1026, 1029 (Ala.Cr.App. 1993). The State presented evidence that the appellant admitted to the police that he knew the television was stolen. See Craig v.State, 376 So.2d 803, 806 (Ala.Cr.App.), cert. denied,376 So.2d 807 (Ala. 1979) ("[a] defendant's voluntary confession may . . . be considered corroborative evidence authorizing a conviction"). The accused's knowledge that the property was stolen may be proved by his declarations and admissions. Cf.Shaneyfelt v. State, 494 So.2d 804, 806 (Ala.Cr.App. 1986) (' "[t]he accused's knowledge of the presence of the controlled substance may be proved by 'his declarations, or admissions, and contradictory statements, and explanations made by him" ' ").
 " 'In most cases there is no direct testimony of the receiver's actual belief. Proof thereof must therefore be inferred from the circumstances surrounding his receipt of the stolen property.' [W.] LaFave [ A. Scott, Criminal Law 686 (1972)]. Guilty knowledge may be inferred from all the facts and circumstances surrounding the entire transaction concerning the accused's acquisition of the stolen property. Tombrello v. State, 431 So.2d 1355, 1357 *Page 83 
(Ala.Cr.App. 1983); Tyree v. State, 407 So.2d 580, 581 (Ala.Cr.App. 1981). ' "[G]uilty knowledge may be inferred from the fact that the receiver purchased the goods for very much less than their value." Fulton v. State, 8 Ala. App. 257, 263, 62 So. 959 (1913).' Tyree, 407 So.2d at 581. '[A] very inadequate purchase price is a factor which points towards appellant's guilt.' Fillmore v. State, 647 S.W.2d 300, 303-04 (Tex.App. 1982)."
Ashurst v. State, 462 So.2d 999, 1004 (Ala.Cr.App. 1984). See also Sankey v. State, 568 So.2d 366, 369 (Ala.Cr.App. 1990).
Although the State failed to prove the exact date on which the appellant was in actual possession of the property, the State presented ample evidence that the property possessed by the appellant had been recently stolen.
 "The term 'recently stolen,' by its very nature, is relative in concept — both as to the passage of time and the type of property involved. It is determined upon the facts of each case and, depending upon the particular circumstances, may vary from a few days to many months. Haynes v. State, Ala.Cr.App., 335 So.2d 203 (1976). The remoteness has regard additionally to the particular factors and considerations surrounding each case. Hence, it is not feasible to state a fixed rule with reference to the element of time lapse. Smitherman v. State, 33 Ala. App. 316, 33 So.2d 396 (1948). Remoteness of time affects weight rather than admissibility. Yet, as Smitherman
points out, evidence must not be so remote in point of time as to be totally without causal connection or logical relation to the criminal act involved."
Waters v. State, 360 So.2d 358, 361-62 (Ala.Cr.App.), cert.denied, 360 So.2d 367 (Ala. 1978). The evidence in this case indicates that the property was stolen, sold, and recovered in less than one month.
To sustain a conviction for receiving stolen property in the second degree, the value of the stolen property must exceed $100.00. Ala. Code 1975, § 13A-8-18. The State presented satisfactory evidence of the value of the stolen property exceeded that amount.
 "We hold that the evidence 'as to what the stolen property cost at the time it was purchased by its owner,' and 'the serviceability of the property at the time it was allegedly stolen,' and 'the age of such property' furnished an adequate if not substantial basis for a finding by the jury that the property in question was worth more than $100. Johnson v. State, 374 So.2d 417 (Ala.Cr.App. 1979)."
Daniel v. State, 439 So.2d 206, 209 (Ala.Cr.App. 1983). AccordLasley v. State, 418 So.2d 193, 194-95 (Ala.Cr.App. 1982).
The trial judge properly denied the appellant's motion for a judgment of acquittal.
 II
The appellant contends that the trial judge erred in refusing his motion for judgment of acquittal based on the premise that someone guilty of theft of property cannot also be found guilty of receiving stolen property. This is based on the appellant's admission to the police that he was present when the television was stolen. R. 179. However, the appellant testified at trial that he never made this statement and that the police officer told him that he knew the appellant had not stolen the television. R. 218-19. Because there was conflicting evidence concerning the appellant's participation in the theft, the motion for the judgment of acquittal was properly denied on this ground.
 "The general rule of law in Alabama is that a defendant cannot be convicted of buying and receiving stolen property where he stole the property in question. Ogle v. State, 386 So.2d 493
(Ala.Cr.App. 1980). See also Ex parte Thomas, 445 So.2d 939 (Ala. 1983); Nicholson v. State, 369 So.2d 304 (Ala.Cr.App. 1979). The reason for the rule stems from the logical impossibility for the thief to receive stolen property from himself. Davidson v. State, 360 So.2d 728 (Ala.Cr.App.), cert. denied, 360 So.2d 731 (Ala. 1978). This Court, however, distinguishes Ogle and the other cited cases from the case at bar in that, in each of the cited cases, the State presented conclusive evidence that the defendant had *Page 84 
actually stolen the property which he was convicted of receiving.
 "In the instant case, the State offered conflicting testimony. The jury could either reasonably conclude that the appellant did, in fact, receive the stolen property, or that the appellant himself helped to steal the property in question. It could be concluded from the testimony of Officer Hutcheson and from the written statement of the appellant offered as evidence by the State that the appellant did not participate in the break-in of the school, but did receive property taken in the burglary. It could also be reasoned from the testimony of Dickie Howard that the appellant aided Howard in taking the computer and other property from the school. Accordingly, the principle of law set forth in Ogle, supra, is inapplicable here. As the State's evidence did not conclusively establish that the appellant stole the property which he was convicted of receiving, the State was not precluded from obtaining a conviction against the appellant for receiving stolen property. That the appellant may have stolen the property cannot reasonably be doubted, but there is no definite evidence to that effect. Craig v. State, 375 So.2d 1252
(Ala.Cr.App.), cert. denied, 375 So.2d 1257 (Ala. 1979)."
Dixon v. State, 536 So.2d 959, 961-62 (Ala.Cr.App. 1988).
 III
The appellant asserts that "[t]he trial court improperly charged the jury on the law concerning 'possession of recently stolen property' by giving conflicting charges on the subject." The appellant argues that the trial court "should not have given the charge to begin with." Appellant's brief at 11.
In this regard, the trial judge instructed the jury:
 "If a person possesses goods or property which have been recently stolen, it is prima facie evidence that he has the required knowledge or belief that the items are stolen to support a conviction for receiving stolen property.
". . . .
 "The possession of property recently stolen does not raise a presumption or inference as a matter of law of the guilt of the possessor but the presumption arising from such possession is a matter of fact to be passed upon by the jury."
R. 252-53.
At the conclusion of the oral charge, defense counsel objected on the ground that he did not hear the trial judge give his requested charge number one. R. 259. That objection did not mention any "conflict" in the oral charge.
Initially, we find that this issue has not been preserved for appellate review. The objection raised on appeal is not the objection raised at trial. "The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial." Ex parte Frith, 526 So.2d 880, 882 (Ala. 1987).
 "An exception to an oral charge must be taken and reserved to the particular language the exceptor conceives to be erroneous. Allford v. State, 31 Ala. App. 62, 65, 12 So.2d 404, cert. denied, 244 Ala. 148, 12 So.2d 407 (1943). 'A reservation to a portion of the court's oral charge must be specific and designating, rather than descriptive and referable.' Head v. State, 35 Ala. App. 71, 77, 44 So.2d 441 (1950). The exception must be 'to a particular exactly designated statement of the judge.' Ferguson v. State, 24 Ala. App. 491, 492, 137 So. 315, cert. denied, 223 Ala. 521, 137 So. 317 (1931). 'If parts of the charge are objectionable, it is incumbent upon the defendant to specifically point out the objectionable parts and to preserve an exception to the trial court's failure or refusal to correct it.' Fuller v. State, 269 Ala. 312, 324, 113 So.2d 153 (1959).
 " '(T)he objector or exceptor should recite, or state the substance of that part of the court's instructions to which the objection is made or the exception taken.' Crear v. State, 376 So.2d 778, 783 (Ala.Cr.App.), cert. denied, 376 So.2d 788
(Ala. 1979); see also Jones v. State, 387 So.2d 284, 286 (Ala.Cr.App. 1980). '(T)he exceptor must select and recite what was said, *Page 85 
or state the substance of what was said, and thus, specifically bring to the attention of the trial court and this court the matter and ruling of which was made.' McClary v. State, 291 Ala. 481, 483, 282 So.2d 384 (1973).
 " 'The reason for our rule that the exception be specific is to allow the judge to correct his error, if any, and to do so his approximate language should be quoted to him.' Orr v. State, 40 Ala. App. 45, 57, 111 So.2d 627, [(1958)], affirmed, 269 Ala. 176, 111 So.2d 639 (1959); Oates v. State, 375 So.2d 1285 (Ala.Cr.App. 1979)."
Harris v. State, 412 So.2d 1278, 1281 (Ala.Cr.App. 1982) (emphasis in original).
Even had this issue been properly preserved, we would conclude that it is without merit. Although the charges requested by the appellant are not contained in the record on appeal, our review of defense counsel's objection leads this Court to conclude that the principle of law expressed in the requested charge is identical to the second paragraph of the above-quoted oral instructions of the trial judge.
The two paragraphs contained in the above-quoted portion of the oral charge of the trial judge express correct principles of law. The first paragraph is merely a restatement of Ala. Code 1975, § 13A-8-16(b)(2). See McClellan, 628 So.2d at 1029. The second quoted paragraph is also a correct statement of law. See Anderson v. State, 533 So.2d 694, 696 (Ala.Cr.App. 1988); Eldridge v. State, 415 So.2d 1190, 1194-95 (Ala.Cr.App. 1982); Milligan v. State, 45 Ala. App. 112, 114,226 So.2d 172, 174 (1969).
The appellant's contentions that the trial judge should have explained the difference between a presumption and an inference, and that the trial judge should not have even charged the jury on "this area of the law" are presented for the first time on appeal and therefore have not been preserved for review. "When an issue is raised for the first time on appeal, it is too late for review. Vinzant v. State,462 So.2d 1037, 1040 (Ala.Cr.App. 1984). 'The trial court cannot be placed in error on grounds not asserted.' Johnson v.State, 421 So.2d 1306 (Ala.Cr.App. 1982); Cook v. State,420 So.2d 289 (Ala.Cr.App. 1982), cert. denied, 459 U.S. 1207,103 S.Ct. 1198, 75 L.Ed.2d 441 (1983)." Isom v. State,497 So.2d 208, 212 (Ala.Cr.App. 1986).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.