STUART, Justice.
Ernest James Little was convicted of second-degree receiving stolen property, a violation of § 13A-8-18, Ala.Code 1975, and the trial court sentenced him to life imprisonment.[1] The Court of Criminal Appeals affirmed Little’s conviction and sentence, in an unpublished memorandum from which Judge Welch dissented, Little v. State, 54 So.3d 958 (Ala.Crim.App.2009). Little petitioned this Court for a writ of certiorari to review the decision of the Court of Criminal Appeals. We granted the writ to determine whether the decision of the Court of Criminal Appeals that the State presented sufficient evidence “from which the jury could determine beyond a reasonable doubt that Little was guilty of second-degree receiving of stolen property” conflicts with Wasp v. State, 647 So.2d 81 (Ala.Crim.App.1994). We reverse and remand.
The evidence indicated that a law-enforcement officer on patrol noticed Little’s vehicle because it was similar to a vehicle described in a “be-on-the-lookout” as a vehicle that had been used in a robbery. The officer’s investigation resulted in Little’s receiving two traffic citations and his vehicle being impounded. Before Little’s vehicle was towed for impound, the officers conducted an inventory of its contents and discovered a pistol inside a black satchel. Detective Charles Saviak testified that he had conducted a serial-number check on the pistol and that the check indicated the gun had been “stolen from the Prichard jurisdiction”; that the pistol was not registered to Little; and that a police report had been filed indicating that the pistol was stolen. Officer Nathan Young also testified that he had conducted a record check on the pistol and learned that the pistol had been “stolen out of Prichard.” The testimony indicated that the pistol was worth approximately $550. No evidence was presented as to how Little acquired the pistol or when the pistol was stolen.
Section 13A-8-18(a)(l), Ala.Code 1975, defines the offense of receiving stolen property in the second degree as receiving stolen property that exceeds “five hundred dollars ($500) in value but does not exceed two thousand five hundred dollars ($2,500) in value.” Section 13A-8-16, Ala.Code 1975, defines the offense of receiving stolen property, stating, in pertinent part:
“(a) A person commits the crime of receiving stolen property if he intentionally receives, retains or disposes of stolen property knowing that it has been stolen or having reasonable grounds to believe it has been stolen, unless the property is received, retained or disposed of with intent to restore it to the owner.”
In Ashurst v. State, 462 So.2d 999, 1004 (Ala.Crim.App.1984), the Court of Criminal Appeals explained the element of knowledge for establishing a prima facie case of receiving stolen property, stating:
“Under an indictment for receiving stolen property, the prosecution must prove that the accused actually knew that the property was stolen or that he had reasonable grounds to believe that it was stolen. ‘[I]f “reasonable grounds for believing” exist, that element is established, although defendant may have had no “knowledge”.... [I]f the jury believes beyond a reasonable doubt the *962 existence of facts which were known to defendant and which are sufficient in the opinion of the jury to show the existence of “reasonable grounds for believing” that the goods were stolen, and they were in fact stolen, no further inquiry in that respect need be pursued.’ Farzley v. State, 231 Ala. 60, 61, 163 So. 394 (1935); W. LaFave and A. Scott, Criminal Law 687 (1972).”
A person’s knowledge and the requisite intent for the offense of receiving stolen property may be inferred if the person “possesses goods or property which have been recently stolen.” § 13A-8-16(b), Ala. Code 1975. A person’s possession of recently stolen property is prima facie evidence that he or she has the requisite knowledge or belief. Carlisle v. State, 465 So.2d 1205 (Ala.Crim.App.1984).
In Wasp, the Court of Criminal Appeals addressed the permissible inference of knowledge from the fact that the goods or property were recently stolen, stating:
“' “In most cases there is no direct testimony of the receiver’s actual belief. Proof thereof must therefore be inferred from the circumstances surrounding his receipt of the stolen property.” [W.] LaFave [& A. Scott, Criminal Law 686 (1972) ]. Guilty knowledge may be inferred from all the facts and circumstances surrounding the entire transaction concerning the accused’s acquisition of the stolen property. Tombrello v. State, 431 So.2d 1355, 1357 (Ala.Cr.App.1983); Tyree v. State, 407 So.2d 580, 581 (Ala.Cr.App.1981). “ ‘[Gjuilty knowledge may be inferred from the fact that the receiver purchased the goods for very much less than their value.’ Fulton v. State, 8 Ala.App. 257, 263, 62 So. 959 (1913).” Tyree, 407 So.2d at 581. “[A] very inadequate purchase price is a factor which points towards appellant’s guilt.” Fillmore v. State, 647 S.W.2d 300, 303-04 (Tex.App.1982).’
“Ashurst v. State, 462 So.2d 999, 1004 (Ala.Cr.App.1984). See also Sankey v. State, 568 So.2d 366, 369 (Ala.Cr.App.1990).
[[Image here]]
“ 'The term “recently stolen,” by its very nature, is relative in concept— both as to the passage of time and the type of property involved. It is determined upon the facts of each case and, depending upon the particular circumstances, may vary from a few days to many months. Haynes v. State, Ala.Cr.App., 335 So.2d 203 (1976). The remoteness has regard additionally to the particular factors and considerations surrounding each case. Hence, it is not feasible to state a fixed rule with reference to the element of time lapse. Smitherman v. State, 33 Ala.App. 316, 33 So.2d 396 (1948). Remoteness of time affects weight rather than admissibility. Yet, as Smither-man points out, evidence must not be so remote in point of time as to be totally without causal connection or logical relation to the criminal act involved.’
“Waters v. State, 360 So.2d 358, 361-62 (Ala.Cr.App.), cert. denied, 360 So.2d 367 (Ala.1978). The evidence in this case indicates that the property was stolen, sold, and recovered in less than one month.”
Wasp, 647 So.2d at 82-83.
Little contends that the decision of the Court of Criminal Appeals holding that the State presented sufficient evidence from which the jury could determine beyond a reasonable doubt that he was guilty of second-degree receiving stolen property conflicts with Wasp. According to Little, the State’s evidence did not establish that *963 he knew or should have known that the pistol was stolen because the evidence did not indicate that the pistol was recently stolen.[2]
In its respondent’s brief, the State contends that the evidence was sufficient to support a finding that Little knew or should have known that the pistol had been stolen considering the circumstances surrounding Little’s possession and use of the pistol.
Unequivocally, the State presented evidence indicating that the pistol in Little’s possession was stolen. Officer Young testified that he “ran a check on [the pistol] ... the gun actually came back stolen out of Prichard.” Detective Saviak testified that his check on the pistol indicated that the pistol had been reported stolen from the Prichard jurisdiction, that a report had been filed stating that the pistol had been stolen, and that the pistol was not registered in Little’s name. However, neither Officer Young nor Detective Saviak presented evidence as to when the pistol was stolen. We cannot agree with the State’s conclusion that the testimony of Officer Young and Detective Saviak suggested that the theft was recent. Their testimony is devoid of any reference as to when the pistol was stolen; therefore, their testimony does not establish that the pistol was recently stolen and does not create an inference, pursuant to § 13A-8-16(b), Ala. Code 1975, that Little knew or had reason to know that the pistol was stolen. Therefore, to the extent the Court of Criminal Appeals relied upon a permissible inference of knowledge under § 13A-8-16(b)(2), Ala.Code 1975, to support a finding of knowledge that holding conflicts with Wasp.
Our review of the record establishes that the State failed to present a prima facie case of receiving stolen property, because the record does not contain any evidence indicating that Little knew or had reasonable grounds to know that the pistol was stolen. We reject the State’s argument that Little’s knowledge that the pistol was stolen can be inferred from the fact that he used the pistol in a robbery. The inference of Little’s knowledge that the pistol was stolen, to support a conviction for receiving stolen property, must be created from the facts and circumstances surrounding Little’s acquisition of the pistol, not from the fact that he used the pistol in another offense. See Wasp, supra. The record is devoid of any evidence concerning Little’s acquisition of the pistol. Because the record does not contain any facts indicating that Little knew or had reason to know that the pistol was stolen, the State did not present a prima facie case of receiving stolen property.
Little has established that the decision of the Court of Criminal Appeals is in conflict with Wasp and that the State failed to present sufficient evidence of the element of knowledge to sustain his conviction for second-degree receiving stolen property. Therefore, the Court of Criminal Appeals erred in affirming the trial court’s denial of Little’s motion for a judgment of acquittal with regard to the second-degree receiving-stolen-property conviction. The judgment of the Court of Criminal Appeals is reversed, and the case is remanded for that court, in turn, to remand the case to the trial court to vacate *964 Little’s conviction for second-degree receiving stolen property.
REVERSED AND REMANDED WITH DIRECTIONS.
COBB, C.J., and LYONS, WOODALL, SMITH, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.

. Little was also convicted of first-degree robbery, a violation of § 13A-8-41(a)(1), Ala. Code 1975, and sentenced to life imprisonment for that conviction. He apparently did not appeal as to that conviction.

. The Court of Criminal Appeals did not cite Wasp in its unpublished memorandum. Instead, the court quoted from K.J. v. State, 690 So.2d 541, 545-46 (Ala.Crim.App.1997), which provides the same principles as set forth in Wasp with regard to the permissible inference of the element of knowledge when the evidence establishes that the goods or property were recently stolen.